## GOODNOW v. PLUMBE.

1. **Taxes:** PAYMENT BY MISTAKE ON ANOTHER'S LAND: RECOVERY FROM OWNER: INTEREST: LIEN. Where taxes are paid by a person upon another's land, under such circumstances as to give a right of recovery for the taxes so paid, the person paying is entitled to recover interest at the rate of six per cent per annum from the time of payment, and to have a lien for the whole amount paid upon the whole land. *Goodnow v. Litchfield*, 63 Iowa, 275, followed.

2. **Former Adjudication:** CONFERS NO RIGHTS UPON INTERMEDDLER. Where one was named in a petition as a party to a suit, but was never made a party by service of notice, and defendant, at his own expense

and upon his own motion, procured counsel and caused an answer to be filed for him, *held* that an adjudication in favor of such one was without jurisdiction and void as to him, and that the defendant could not, in a subsequent proceeding, claim any advantage from such judgment on account of the part which he took in procuring it.

*Appeal from Webster District Court.*

FRIDAY, OCTOBER 24.

THE plaintiff, as assignor of the Iowa Homestead Company, brings this action to recover for certain taxes paid for the use and benefit of the defendant, Plumbe. The court rendered a judgment for the taxes paid, but allowed interest only from the time of the commencement of the action, and allowed a lien upon each tract of forty acres for only the taxes paid upon that tract. Both parties appeal, the plaintiff perfecting his appeal first.

*George Crane*, for appellant.

*Theodore Hawley*, for appellee.

ADAMS, J.—Where taxes are paid by a person upon another person's land, under such circumstances as to give a right of recovery for the taxes paid, the person paying the taxes is entitled to recover interest at the rate of six per cent per annum from the time of payment, and is entitled to a lien for the whole amount paid upon the whole land. *Good-now v. Litchfield*, 63 Iowa, 275. This disposes of the questions raised by the plaintiff's appeal.

1. TAXES: payment by mistake on another's land : recovery from owner: interest: lien.

The defendant pleaded that the question as to the right of recovery of the taxes was determined adversely to such right, in the case of the *Iowa Homestead Co. v. Des Moines Valley R. Co. et al.*, 17 Wall., 153. It is not claimed that Plumbe was a party to the record in that action, but an agreement was entered into by counsel in this action, substantially to the effect that

2. FORMER adjudication: confers no rights upon intermeddler.

Plumbe is to be treated as if he were a party to that action. The agreement, however, before it was acted upon, was repudiated by the plaintiff's counsel, upon the ground that it was induced by a mistake of fact;. and the evidence introduced shows, we think, such mistake. In our opinion, the plaintiff was not bound by the agreement.

It is claimed, however, by the defendant that, aside from the agreement, he ought to be deemed as virtually a party to that adjudication, and entitled to the benefit thereof.

It appears that at one time one Wade held the legal title to the land upon which the taxes were paid. In the action brought by the Iowa Homestead Co., plaintiff's assignor, in which these taxes were claimed, Wade was named in the petition as defendant, among others, presumably upon the theory that the taxes claimed as paid upon this land were recoverable by the company from him. Plumbe employed counsel and caused an answer to be filed for Wade; and, as the decision was against the Homestead Co., Plumbe claims the benefit of the decision.

If Wade had become a party to that action, and the circumstances had been such that if Wade had been compelled to pay the taxes Plumbe would have been liable to respond to him, then it may be conceded that a successful defense made by Plumbe, ostensibly in Wade's behalf, would entitle Plumbe to the benefit of the adjudication.

But we are not able to discover that Wade became a party to the action. It is not shown that notice was served upon him, or that he appeared, either by himself, or by attorney authorized to appear for him. The answer filed ostensibly for him it is shown affirmatively was filed by Plumbe's procurement and at his expense. Had a judgment under such circumstances been rendered for the taxes paid against Wade, it would, we think, have been void for want of jurisdiction of the person of Wade. For the same reason, we think that a judgment nominally in his favor must be regarded as void.

There never was, as we understand, any reason for making

Wade a party to that action.   The taxes, it appears, were due from Plumbe alone.   Judgment for the taxes has been rendered against Plumbe, and we think correctly, and we do not see how, if he was liable, Wade could be.   Plumbe's defense, then, in the Homestead case, in Wade's name, could not entitle him to the benefit of that adjudication.   A question of precisely this character was determined in *Goodnow v. Litchfield*, above cited.   See fifth division of the opinion.   We think that the judgment must be reversed upon the plaintiff's appeal, and affirmed upon the defendant's appeal.