## PLUMB *v.* GOODNOW'S ADMINISTRATOR.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

Argued November 1, 1887. — Decided December 5, 1887.

This case is reversed because the state court failed to give due faith and credit to the decree of this court in *Homestead Company* v. *Valley Railroad*, 17 Wall. 153.

THIS was an action to recover the amount of taxes paid on real estate in Iowa under circumstances similar in the main to those described in *Stryker* v. *Goodnow, ante,* 527. This cause was argued with that cause. The case is stated in the opinion of the court.

*Mr. C. H. Gatch* for plaintiff in error. *Mr. William Connor* was with him on the brief.

*Mr. George Crane* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is another suit brought by Edward K. Goodnow, assignee of the Iowa Homestead Company, to recover taxes paid on "Des Moines River Lands" for the years 1864 to 1871, both inclusive. For a general statement of the facts reference is made to *Stryker* v. *Goodnow, ante,* 527. Plumb, the plaintiff in error, was defendant below, and set up the prior adjudication in the suit of *Homestead Company* v. *Valley Railroad,* 17 Wall. 153, as a bar to the action. This defence was overruled, and a judgment given against him on the ground that he was not a party to that suit. *Goodnow* v. *Plumbe,* 64 Iowa, 672. The judgment was not only against Plumb personally, but it was made a special lien on the lands, which were the subject of taxation, because he was the actual owner at the time of the levy. The case was treated in all material respects the same as that of *Litchfield* v. *Goodnow, ante,* 549. In this there was error, in our opinion.

Edward Wade was a party to the suit as the apparent owner of the lands now in question, and which were properly described in the bill and included in the litigation. The record in this case shows that the lands were conveyed by the Navigation and Railroad Company to Plumb in 1859, and he, in 1861, conveyed them to Wade in trust as security for a debt he owed a bank. This deed was duly recorded in the proper recording office. In 1865 the lands were sold by Wade under his trust and conveyed to Edward Wesley, for the sole use and benefit of Plumb. This deed was not put on record before the suit of the Homestead Company was begun. As soon as Plumb heard of the suit he employed counsel, and had an answer filed in the name of Wade, setting up a defence to the claim of the company, and asserting that the superior title was in those who held under the river grant. He paid his proportion of the expenses of the litigation, and controlled the defence, so far as Wade was concerned. His interests in the suit were properly represented by Wade, whom he allowed to appear on the records of the county as the real owner of the lands. If there had been a decree against Wade for the taxes, and a lien therefor established on the lands, he would have been bound, and could not have resisted the enforcement of the lien. So, too, if a personal decree had been rendered against Wade for the money, it would have been conclusive in an action by Wade to recover from him money paid for his use in satisfaction of the decree. He was bound, because he was represented in the suit by Wade, under whom he claimed. This case is the converse of that of *Litchfield* v. *Goodnow, ante,* 549. There Mrs. Litchfield was not represented in the suit by any one who was a party, and, therefore, she could not claim the benefit of the decree. Here Plumb was represented by Wade, and he stands, consequently, as if he had been himself a party by name.

There were other questions in the case that might have been considered by the court below, but as they were not, and the decision was put entirely on the ground that Plumb was not a party to the decree which was pleaded in bar, we need not pass upon them here.

Because, therefore, the court failed to give due faith and credit to the decree of the court which was pleaded in bar,

*We reverse the judgment, and remand the cause for further proceedings not inconsistent with this opinion.*