[No. 3288. April 15, 1929.]

PICKARD v. AUTOMATIC BOOKKEEPING
REGISTER CO. et al.

[277 Pac. 965.]

W. C. Whatley, of Las Cruces, for appellant.

J. L. Lawson, of Alamogordo, for appellees.

OPINION OF THE COURT

PARKER, J. This is a proceeding to cancel and set aside an execution sale of real estate in Otero county and

for damages by reason of such execution sale. The action is founded upon the theory that the judgment, prior to such execution sale, had been paid off and settled, and the sale was therefore void. This, in turn, depends upon some facts which the court found against the contention of appellant. These facts arose out of some proceedings had in a court in the state of Tennessee, in which a Mr. Bostick brought a suit in the name of the plaintiff in the Otero county proceeding, and then compromised and settled the same with the defendant in the Otero county case, purporting to settle and discharge the Otero county judgment, and obtained out of him the sum of $1,000. The plaintiff and appellant in the present case strenuously argues that the proof shows that Bostick did have authority to represent the Otero county plaintiff. But the district court, rightfully we think from an examination of the record, refused to so find. The whole foundation of appellant's case is thus exploded, and the judgment will have to be affirmed.

The Otero county plaintiff and the execution purchaser are sought to be debarred from this result by the fact, as it is argued, they knew of the pendency of the case in Tennessee and took no steps to disown or deny the authority of this man Bostick to maintain and prosecute the suit in Tennessee in the name of the Otero county plaintiff upon the Otero county judgment.

The proofs show that before the Otero county defendant ever left New Mexico for Tennessee he was warned by the execution purchaser, Mr. J. L. Lawson, an attorney who obtained the Otero county judgment, that Bostick had no right to bring the suit in Tennessee on the judgment, and in the presence of the defendant in that suit called up the recorder by telephone and ascertained from him that no assignment of the judgment had been filed. This attorney also wrote the Otero county plaintiff and received a reply disclaiming Bostick's authority and immediately forwarded the information to the defendant at Tularosa, N. M., not having his Tennessee address, and assuming that his wife had it and would forward the letter. The proofs also show that before the appellant bought the property he submitted the abstract to this same

Mr. Lawson for examination and was informed that the Otero county judgment was still in force and had to be paid. He evidently took other advice and bought the property in the face of this notice.

How, under such circumstances, it can be claimed that the judgment has been paid off or that appellees are bound or estopped by the Tennessee judgment, is beyond our understanding. Just what and how much a man must do when he hears that a suit has been brought in his name, absolutely without his authority, in some other state, does not seem entirely clear. Must he rush across the country from Maine to California, appear in the court with counsel, and disavow the authority to appear and maintain the proceeding in his name, or need he only take such steps as the circumstances would seem to demand to inform the person who might suffer from lack of knowledge of the fact. We believe the latter action is all that can be required of him. It would seem that never could such a question arise, but, nevertheless, it has arisen in this and other cases. In 1 Freeman on Judgments (5th Ed.) § 231, after stating the early English and American rule, it is said:

"Generally now, however, regardless of the solvency or insolvency of the attorney, a judgment rendered upon wholly unauthorized and unratified appearance for the defendant who has not been served with process will be set aside in a direct proceeding for that purpose by the latter even after the term, if he has not been guilty of laches after knowledge of the facts. The same principle has been applied in cases of a judgment against a plaintiff in whose name an unauthorized attorney has instituted an action. While such a suitor who does not appropriately disclaim the authority of one assuming to represent him, after he has knowledge thereof, cannot do so afterwards, it is not essential that he appear formally in the proceeding and object, but it is sufficient, that he promptly notifies the adverse party."

Citing Anderson v. Crawford, 147 Ga. 455, 94 S. E. 574, L. R. A. 1918B, 894.

We have examined the Georgia case and find that it supports the text, with which, on principle, we are fully satisfied. See also 34 C. J. 993, 994, § 1410 (2), citing Patillo v. Lytle, 158 N. C. 92, 73 S. E. 200; Goodnow v. Plumbe, 64 Iowa, 672, 21 N. W. 133. See also 15 R. C. L., Judgments, § 335.

A minor consideration is presented in regard to the regularity of proceedings to take the deposition of a witness, which we do not deem of sufficient importance to warrant discussion.

It follows from all of the foregoing that the judgment of the district court is correct and should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.