**Schick-Johnson Company, a Corporation, Plaintiff-Appellant, v. Malan Construction Corp., a Corporation, and City of Chicago, a Municipal Corporation, Defendants-Appellees.**

**Gen. No. 49,514.**

First District, First Division.

May 11, 1964.

Samuel E. Hirsch and Leonard V. Solomon, of Chicago, for appellant.

Concannon, Dillon, Snook and Morton, of Chicago (Herbert Morton and Louis Bacon, of counsel), for appellee, Malan Construction Corp. John C. Melaniphy, Corporation Counsel, of Chicago (Sydney R. Drebin and Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellee, City of Chicago.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

This is an appeal from an interlocutory order entered on January 24, 1964 denying plaintiff's petition for an order declaring that plaintiff has prior right to represent a class composed of all other litigants having suits on file against Malan Construction Corporation, and to enjoin the prosecution of such other suits.

Plaintiff also appeals from an order entered February 13, 1964 denying it leave to file a supplement to Count II of plaintiff's amendment to complaint and denying the motion to vacate the previous order.

The original cause was designated a Bill for an Accounting to recover a balance of $7,232.44 allegedly due plaintiff, a subcontractor of defendant Malan, the prime contractor, for work done on the American Airlines hangar and the Terminal Buildings at O'Hare International Airport. It was a suit to enforce a lien under the statute providing for liens on public funds (c 82, § 23, Ill Rev Stats 1961). Plaintiff filed an amendment to the complaint seeking to have itself denominated the representative of all claimants with subcontracts from Malan and having controversies arising from the construction program at O'Hare Airport.

After the issues were drawn, plaintiff petitioned the court for a finding that it had prior right to represent the class and to the institution of proceedings for the benefit of all those whose interests in the subject matter were similar in nature and character

to plaintiff's claim. It also prayed for a restraining order against any and all persons, etc., from filing or proceeding with any pending actions or claims or seeking any relief in the subject matter, except through the instant cause. This the court denied. Plaintiff, on February 13, 1964 moved for an order granting it leave to file a supplement to Count II of its amendment to complaint and to vacate the previous order. This the court also denied and the appeal followed.

It is plaintiff's contention that the amendment is a bill in equity to enforce a trust fund for the benefit of the plaintiff and all other beneficiaries of the trust and was in addition, in the nature of a representative action brought in behalf of the plaintiff and all other subcontractors, materialmen and claimants whose interests are substantially similar to those of the plaintiff in and to the trust fund created by the sale or issuance of Chicago-O'Hare International Airport Revenue Bonds, Series 1959, adopted on December 29, 1958 and regulated by the last sentence of sec 23 of the Act regarding liens on public funds.

Section 23 provides, in brief, that: anyone who furnishes material or labor to a contractor who has a contract for public improvements, shall have a lien on the money due such contractor, provided that before payment has been made to the contractor he notifies the municipality of his claim and within sixty days thereafter files a complaint for an accounting making the contractor a party defendant, and serves a copy of the complaint upon the proper public officials. If this procedure is followed, the municipality shall withhold the amount claimed until the final adjudication of the suit, or if it wishes it may turn over the amount of the claim to the clerk of the court in which the suit is pending. Any payment so made to the claimant or to the clerk of the court shall be a credit on the contract price to be paid to the contractor. The last sentence thereof provides

279

that: "There shall be no preference between the persons serving such notice, but all shall be paid pro rata in proportion to the amount due under their respective contracts."

The amendment charges wrongful and illegal payments in violation of the terms of the trust from the fund by the city and that the fund is inadequate to satisfy all of the existing and possible claims against it, and prays for a marshalling of the fund by the court for an accounting in a single proceeding in behalf of all claimants, and for an equal distribution under the direction of a court of equity.

Malan's answer asserts that it is not possible to generalize and classify all of its subcontracts and agreements as "substantially the same." That, on the contrary, the numerous subcontracts contain special and individual provisions concerning payment, time of payment, and other pertinent conditions; and each "obviously" relates to the furnishing of different labor and material. Not all agreements were executed on the same general form. Many were on forms or confirmations of purchase orders supplied by the subcontractors themselves. Each contract is an instrument separate unto itself and not capable of identical interpretation or treatment with the others.

The record discloses that when plaintiff made its motion on January 24, 1964 it served notice on the defendants Malan and the city only. When making its motion of February 13, 1964 it had served notice thereof on counsel for "sundry other litigants against the defendant" and on counsel for Malan and the city.

Article III, sec 3.01 of the City's Ordinance authorizing the issuance of the Bonds reads as follows:

"Disposition of Proceeds of Bonds. All proceeds received by the city upon the sale of Bonds issued pursuant to the provisions of Sec 2.02 shall be deposited with the depository in trust and

280

credited to a separate fund to be known as 'Chicago-O'Hare International Airport Construction Fund.' The moneys in the Construction Fund pending their application as provided in this Ordinance shall be subject to a lien and charge in favor of the *holders of the Bonds* issued and outstanding under this Ordinance and for the further security of such *holders* until paid out or transferred as herein provided. . . ." (Italics ours.)

■ We agree with defendant's contention that the Fund from the Revenue Bonds is not a separate, distinct trust account for the benefit of those performing services in the construction of the public project. Section 3.03 of Article III of the Ordinance specifically states that "The moneys in the Construction Fund *pending their application* . . . shall be subject to a lien and charge *in favor of the holders of the Bonds* . . . and for further security of *such holders* until paid out or transferred. . . ."

To the extent that a trust is created in the funds, it is created by specific Ordinance provision for the bondholders. The rights of subcontractor are otherwise protected by appropriate statutes. The court could not marshall or supervise the disbursement of the funds in the hands of the public body except upon application of the bondholders, if at all.

■ Plaintiff complains that the provisions of section 23 of the Lien on Public Funds Act are vague, indefinite and incomplete; that it merely provides for a claimant to file a bill for an accounting against the contractor after giving certain prior notice to the city and subsequently serving the city with a copy of the complaint. It complains that no provision is made for ascertaining the amount of or for paying a claim; or where the fund provided for payment is insufficient, how much shall be paid for each claim-

ant pro rata; that the statute merely provides that a lien shall attach to the unexpended portion of the fund.

This is a statutory right provided subcontractors in addition to the other rights of suing the contractor directly, and/or for filing an action against the surety on the bond required in accordance with the provisions of sec 15 and 16, ch 29 (Ill Rev Stats 1961). Plaintiff cannot complain here that the statutory right is inadequate. That is a matter for the legislature to prescribe and recent amendments indicate that the legislature is cognizant of the rights of persons so situated.

█ The remaining question is whether this is a class action. Plaintiff cites many cases including the case of Leonard v. Bye, 361 Ill 185, 197 NE 546 (1935) to sustain its contention. Without specifically reviewing each one we need only say that they are distinguishable from this case on the facts and issues here involved. In Newberry v. Board of Education, 387 Ill 85, 55 NE2d 147 (1944) on p 92, the court states: "Appellee says that this court has recognized in Leonard v. Bye, 361 Ill 185, and in Groves v. Farmers State Bank, 368 Ill 35, that actions such as this are class actions, and argues that Leonard v. Bye is conclusive of the correctness of the circuit court's decision. . . . In Leonard v. Bye, where a suit was declared to be a class suit, all members of the class were found to have a common interest in the results to be obtained as well as in the questions involved. It is pointed out in the opinion in that case that class suits may be sustained by a member of a class of individuals who have common rights which need protection; and in pursuit of that remedy individuals have a right to represent the class to which they belong. To the same effect is Groves v. Farmers State Bank, 368 Ill 35. These were stockholders liability suits. Under the constitution the liability for

the debts of the bank is a liability of all stockholders for the benefit of all creditors. The remedy to be obtained is affected by the amount of constitutional liability of the stockholders and the number and amount of the claims against the bank. In such a case there is not only a community of interest in the subject matter of the suit but likewise in the remedy." The court there further held that one is not bound, in personam, by a judgment in litigation in which he is not designated as a party or to which he has not been made a party by service of process (Pennoyer v. Neff, 95 US 714, 24 L Ed 565; Freeman on Judgments, 5th Ed sec 407). Such a judgment may not be enforced against the person or property of an absent party, for it is not due process of law. Again, quoting the Newberry decision, p 90: "The exception to this general rule, though not precisely defined by judicial opinion, is the case of a judgment in a 'representative' or 'class' suit, to which some of the members of the class are parties and by which suit the parties may bind other members of the class on the basis of representation. This class suit is recognized as an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the subject matter of the litigation is so great that it is impractical to join them as parties. . . . The test is whether those sought to be bound as members of a class are in fact adequately represented by the parties who actually participate in the conduct of litigation in which members of the class sought to be bound, are not present as parties (Plumb v. Crane, 123 US 560, 31 L Ed 268), or where the interest of the members of the class, some of whom are present as parties, is joint, or where, for any reason the relationship between the parties present and those absent is such as legally to entitle the former to stand in judgment for the latter." Applying these principles to the facts in this case we must hold that plaintiff

cannot sustain its action as a class or representative suit. Each claim is upon a separate agreement and the terms thereof with regard to performance, setoff, charges, amounts due and such other issues as the particular parties may assert. The claimants may not all seek the same remedy or make claim to the same fund.

Under section 23, which plaintiff invokes here, it, as a subcontractor, may establish a lien on such money due the contractor as is unpaid at the time it notifies the city of its claim and within sixty days thereafter files a complaint for and accounting against the contractor, and serves a copy thereof upon the city. All claimants doing the same then participate in the moneys then due and unpaid said contractor at the time of notice, and are paid pro rata in proportion to the amount due under their respective contracts. The statute limits the distribution to sums unpaid at the time of notice and to the parties who have invoked the provisions of the statute. Upon filing of a complaint the proper tribunal determines the amount of the claim, the number of persons filing notice of claim properly, the amounts due them, and if the unpaid balance is insufficient the court can determine the pro rata share due claimants in proportion to the amount due according to their respective claims.

The court may consolidate such pending suits and can allow intervention in the litigation. Thus the court has the constitutional authority to render judgment in personam binding and enforceable against the parties before it and those in privity with them.

Plaintiff's position that the court may restrain persons who are not before it from filing any claims except in the instant case, and that the court could adjudicate rights of all the subcontractors whether joined in the suit or not, is untenable. Those not seeking to join in may elect to use their other remedies in their own actions prosecuted by counsel of their

284

own choosing without obligation upon them to pay counsel for the plaintiff (Peoples Store of Roseland v. McKibben, 379 Ill 148, 153, 39 NE2d 995 (1942)).

As indicated herein plaintiff sought restraining order against persons not before the court or upon any proper notice to those to be affected and when it did serve subsequent notice upon "sundry other litigants against the defendant" (those whose actions were pending against Malan), all opposed plaintiff's petition. We believe the applicable statutes are adequate to authorize the court in its discretion to consolidate, allow intervention or otherwise dispose of litigation and claims under section 23 within the constitutional protection of the rights of all persons. The court's order of January 24, 1964 was proper.

Plaintiff's tendered supplement to Count II of its amendment to complaint which merely added the fact that there were other prime contracts and subcontractors to which it sought to apply the representative and class authority. Therefore, in accordance with the views herein taken, the court properly denied plaintiff's petition of February 13, 1964. For the reasons herein given, the orders are affirmed.

Affirmed.

MURPHY, P. J. and BURMAN, J., concur.