HENDRY, Judge.
Appellant-plaintiff brought suit in re-plevin against appellee-defendant to recover certain office furniture and equipment.
The complaint alleged that plaintiff at all times material to the cause has been and is entitled to the immediate possession of the property in question and that the de *753 fendant retains and wrongfully withholds the property from possession of the plaintiff, notwithstanding, plaintiff’s repeated demands upon the defendant to surrender possession of said property.
The evidence shows that the plaintiff entered into a lease for office space in the Ainsley Building with the Ainsley Realty Company. Thereafter plaintiff purchased office furniture and equipment which it used while in occupancy of the offices. After occupying the offices for about one and one-half years, plaintiff obtained a release from its lease of the suite. Thereupon a corporation named Dunhill & Company, Inc. leased the offices which plaintiff formerly occupied. Plaintiff left its furniture in the offices on loan to the new tenant, Dunhill, because of the friendship existing between the officers of the two corporations. After Dunhill entered into the lease, the building was sold to the defendant corporation. Dunhill went out of business and ceased occupancy of the offices in July, 1962. Mr. Davis, plaintiff’s vice-president and secretary-treasurer testified that he spoke to defendant’s building manager about the return of the furniture and equipment and was told that he could not have the property. He further testified that repeated demands were made upon the defendant for the return of the property, all of which were refused.
The cause was tried before a jury upon issues raised by the complaint and a general denial in the answer. Upon completion of plaintiff’s case in chief, the trial judge granted defendant’s motion for directed verdict and entered a final judgment for defendant. It is from this judgment that plaintiff appeals.
Appellant’s main contention is that the trial judge committed reversible error in directing a verdict for the defendant at the conclusion of plaintiff’s case.
The record reveals that the trial judge’s principal reason for directing a verdict for the defendant was that he was of the opinion that there was an absence of proof of ownership in plaintiff at the time of plaintiff’s demand that defendant release the property. We find this to have been error and reverse.
In our view the evidence in this case was ample to prove at least a prima facie case, and the trial judge erred as a matter of law in directing a verdict.
The plaintiff in a replevin action need not necessarily show ownership in itself of the property sought to be re-plevined. However, plaintiff must show that he had the right to possession of the property at the time suit was commenced. § 78.02(4) F.S., F.S.A.
 As our Supreme Court said:
“[T]he power to direct a verdict should be cautiously exercised in order to avoid encroaching on a party’s right to a jury trial in a common law action. When we consider the correctness of an order directing a verdict for the defendant at the close of the plaintiff’s evidence we necessarily must indulge every reasonable inference from the evidence which is favorable to the plaintiff. In order to support a verdict directed by the trial judge at the close of the plaintiff’s evidence it should be clear that there is no evidence whatsoever that could in law support a verdict for the plaintiff.” [1]
We find there is no merit in defendant’s contention that plaintiff’s evidence was insufficient to show a demand was made upon the defendant for the return of the property. The record clearly shows that a proper demand was made.
Moreover, failure of a plaintiff to demand return of goods is not such a fatal defect as would preclude him from further action with his cause. However, where de *754 mand is required and not made plaintiff can be dismissed and required to pay costs. But, he could then make a demand and re-institute the cause of action.[2]
For the reasons stated the judgment appealed is reversed and remanded for a new trial.
Reversed and remanded.

. Teare v. Local Union No. 295, 98 So.2d 79 at 81, 82 (1959).

. Webster v. Brunswick—Balke—Collender Co., 37 Fla. 433, 20 So. 536 (1896).