## 18982

PARKLANDS, INC., Sanders R. Guignard, Trustee, William S. Moye, Jr., Trustee, The Guignard Partnership, and Harrill-Trotti Company, Plaintiffs-Appellants, v. David A. GIBSON, Rudy M. Groom, Louis I. Guion, Jr., John Allen, individually and as Trustee, John Burst and Mary Louise Guion, as Trustee, Mary Louise Guion, and Guion Trust Investments, Inc., of whom Louis I. Guion, Jr., John Allen, individually and as Trustee, and Guion Trust Investments, Inc., are Defendants-Appellants, and David A. Gibson, Rudy M. Groom, John Burst and Mary Louise Guion, as Trustees, and Mary Louise Guion, are, Defendants-Respondents.

(170 S. E. (2d) 669)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellants,*

368

*Messrs. A. Frank Lever, Jr.,* of Lexington, and *Kermit S. King,* of Columbia, *for Respondents,*

November 11, 1969.

LITTLEJOHN, Justice.

This is an appeal by the plaintiffs, and by some of the defendants, from an order of the Richland County Court of Common Pleas sustaining an objection to the jurisdiction of the court by David A. Gibson and Rudy M. Groom who are residents of the State of Texas. These two defendants made a special appearance for the sole purpose of objecting to the jurisdiction of the court on the ground that there was no service of process effective to bring them into the action.

The action was instituted by the filing of the summons, complaint, rule to show cause and temporary restraining order. Service was effected on the defendants Gibson and Groom personally in the State of Texas. Such personal service is under Section 10-455 of the South Carolina Code equivalent to service by publication.

According to the complaint, the plaintiffs, as trustees, partners or corporations, hold certain real and personal

property in South Carolina in which defendants, or some of them, have an interest. The complaint alleges that the claims of the several defendants conflict with each other, and that the plaintiffs (who are stakeholders) have been notified of these conflicting interests, and may not safely pay out funds in their hands or transfer properties without an order of court after all possible claimants have been given an opportunity to be heard.

The sole question for determination by this court is whether the court below properly held that Gibson and Groom could not be effectively served by publication under the terms of Section 10-451 of the Code.

That section of the code permits service by publication on nonresident defendants under certain circumstances. It provides in part as follows:

"When service by publication may be had—

* * * * * *

"(4) When the subject of the action is real or personal property in this State and the defendant has or claims a lien or interest, actual or contingent, therein or the relief demanded consists wholly or partly in excluding the defendant from any interest or lien therein."

The court below in sustaining the special appearance of these two defendants erroneously held that the "subject of the action" contemplated by this statute was certain contracts and agreements executed in Texas.

We hold that the real and personal property situated in South Carolina is the subject of the action. It is conceded by all parties that Gibson and Groom do claim an interest in real estate and in personal property in this State, and accordingly, the requirements of Section 10-451 (4) are satisfied.

Concluding that personal service in Texas is the equivalent of service by publication, and concluding further that service by publication was appropriate

under the allegations of the complaint, we hold that the lower court was in error in sustaining the special appearance, vacating interim orders, and dismissing the cause. The only issue before the lower court was whether jurisdiction was acquired by service on Groom and Gibson in Texas and that is the only issue which we now determine. The issues raised by the additional sustaining ground and the matters urged in argument as a basis for refusing jurisdiction may be pursued as the parties may be advised. We intimate no thought relative to the merits of the contentions. The effect of our opinion is to make Gibson and Groom parties to this action and to reinstate the interim orders such that the rule to show cause may be heard on its merits.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.