19138

PARKLANDS, INC., Sanders R. Guignard, Trustee, William S. Moye, Trustee, the Guignard Partnership, and Harrill-Trotti Company, Respondents, v. David A. GIBSON, Rudy M. Groom, Louis I. Guion, Jr., John Allen, individually and as Trustee, John Burst and Mary Louise Guion, as Trustees, Mary Louise Guion and Guion Trust Investments, Inc., of whom David A. Gibson and Rudy M. Groom are, Appellants.

(178 S. E. (2d) 255)

*Messrs. A. Frank Lever, Jr.,* of Lexington, and *Kermit S. King,* of Columbia, *for Appellants,*

*David W. Robinson, Esq.,* of *Robinson, McFadden & Moore,* of Columbia, *for Respondents,*

December 14, 1970.

Bussey, Justice:

On a prior appeal in this case *Parklands, Inc. v. Gibson,* 253 S. C. 367, 170 S. E. (2d) 669, we held that property situated in South Carolina was the subject of this action and that jurisdiction of the appellants-defendants, Groom

and Gibson, had been acquired by service upon them in Texas since they claim an interest in the property in this State. The present appeal is from an order of the lower court overruling a demurrer of the said Groom and Gibson to the complaint.

The said demurrer challenged the complaint for (1) failure to state facts sufficient to constitute a cause of action, and (2) lack of jurisdiction as to the defendants Gibson and Groom. We deem it unnecessary to set forth the rather lengthy complaint in full. Instead, we quote a summary of the allegations thereof from our prior opinion:

"According to the complaint, the plaintiffs, as trustees, partners or corporations, hold certain real and personal property in South Carolina in which defendants, or some of them, have an interest. The complaint alleges that the claims of the several defendants conflict with each other, and that the plaintiffs (who are stakeholders) have been notified of these conflicting interests and may not safely pay out funds in their hands or transfer properties without an order of court after all possible claimants have been given an opportunity to be heard."

A complaint demurred to must be construed liberally in favor of the pleader and sustained if the facts alleged and the inferences reasonably deducible therefrom entitle the pleader to relief on any theory of the case, even though different from that on which he may have supposed himself entitled to recover. *Everett v. White*, 245 S. C. 331, 140 S. E. (2d) 582. See also cases collected in West's South Carolina Digest Pleading, —204(2). The prayer for relief in a complaint constitutes no part of the cause of action; cannot give character to it, and may be disregarded in consideration of a demurrer. See cases collected in West's South Carolina Digest, Pleading, —72.

In the light of the foregoing principles, we are satisfied that the plaintiffs have sufficiently alleged facts entitling

them, as stakeholders, to a determination of the conflicting claims to the trust property, to the end that they may safely pay out funds, transfer properties and otherwise manage the same in a proper manner. The precise relief to which the plaintiffs may be entitled is a matter as to which we intimate no opinion, leaving such for a determination upon the merits in the lower court.

The second ground of demurrer is predicated on the contention that the prayer for relief in the complaint characterizes the cause of action as one *in personam,* rather than one *in rem,* and that accordingly the court cannot have jurisdiction without personal jurisdiction of the defendants Groom and Gibson. The contention is without merit for more than one reason. As above pointed out, the prayer for relief is no part of the cause of action and this contention might be disposed of on that ground alone, but, additionally, even if there be merit in the contention, such now comes too late, not having been urged when these defendants appeared specially for the purpose of challenging jurisdiction.

They are here for the second time contending that the court does not have jurisdiction of them in this cause. On the principles of *res judicata* and estoppel our prior decision is a bar against the appellants, not only as to what was decided there, but what might have been decided. *Antrum v. Hartsville Production Credit Ass'n,* 228 S. C. 201, 89 S. E. (2d) 376.

"Where the court, on a prior appeal, has expressly or impliedly decided that it had jurisdiction at that time, it will not reconsider that question on a subsequent appeal, nor, having decided that it was without jurisdiction, will it review its former determination or examine questions relative thereto, although brought before it in another form." 5B C. J. S. Appeal and Error § 1834 b.

The exceptions of the appellants are without merit and the judgment of the lower court is, accordingly,

230

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.