309 So.2d 242 (1975)
Robert S. KLINE and Jeanne Kline, Appellants,
v.
Annette HEYMAN, Individually, et al., Appellees.
No. 73-620.
District Court of Appeal of Florida, Second District.
February 26, 1975.
Rehearing Denied April 2, 1975.
*243 John R. Bush, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Schless & Sagarin, Bridgeport, Conn. and Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellees Annette Heyman, Samuel J. Heyman and Abigail Heyman.
Holland & Knight, Bartow, and Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for Appellee Tampa Mall, Inc.
HOBSON, Judge.
Appellants appeal a final judgment entered in the lower court which held that the appellants were estopped from prosecuting this suit on the grounds of "res judicata-collateral estoppel or estoppel by judgment."
The lower court found that all of the issues in this case were presented and determined in the United States District Court for the District of Connecticut. Appellants contend that the Connecticut case in effect was an in rem proceeding [suit to quiet title] and that such in rem proceeding must be brought in the state in which the real property is located, to wit, Florida. As to this question the appellees urge two theories of law: 1) that once the question of subject matter jurisdiction has been completely litigated in one state, it may not be retried in a second state, even though the judgment involved land in the second state, and, 2) that the appellants' claim to an interest in the land in Florida initially arose and stemmed from Mr. Kline's rights under an employment agreement and his relationship with the Heymans which are in personam rights.
We agree with appellees on both of the above positions. The question of jurisdiction of the Connecticut court was expressly, fully and fairly litigated in the Connecticut suit. The United States Supreme Court in Durfee v. Duke (1963), 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186, stated as follows:
"However, while it is established that a court in one State, when asked to give *244 effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit  even as to questions of jurisdiction  when the second court's inquiry descloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."
There is no question but what all issues involved in the instant case were litigated tenaciously in the Connecticut suit which was an in personam action determining the rights between Mr. Kline and the Heymans. These in personam rights were the basis of the claims which the appellants assert established their interest in the real property in Florida. Our Supreme Court in Fraser v. Cohen, 1947, 159 Fla. 253, 31 So.2d 463, quoted with approval the following from Pomeroy's Equity Jurisprudence:
"`The power to act in personam, through their remedies, is still held by all courts of equity, . .. . Of this nature must always be the remedies when the subject-matter, either real or personal property, is situated beyond the territorial jurisdiction of the court, in another state or country. The jurisdiction to grant such remedies is well settled. Where the subject-matter is situated within another state or country, but the parties are within the jurisdiction of the court, any suit may be maintained and remedy granted which directly affect and operate upon the person of the defendant, and not upon the subject-matter, although the subject-matter is referred to in the decree, and the defendant is ordered to do or to refrain from certain acts toward it, and it is thus ultimately but indirectly affected by the relief granted.'"
The Connecticut judgment determined by declaratory judgment the factual and legal issues upon which the claims of the appellants are predicated in the instant case.
Appellants next contend that the parties in the Connecticut case are not identical to the parties in the instant case and, therefore, res judicata or estoppel by judgment does not preclude them from prosecuting this case. Mrs. Kline and Tampa Mall, Inc. were not parties to the Connecticut case. Tampa Mall, Inc. purchased the property involved from Mrs. Heyman, who was a party in the Connecticut suit, after the commencement of the Connecticut proceedings; therefore, it is in privity with Mrs. Heyman and is entitled to the benefits of the Connecticut judgment. This doctrine of privity is succinctly set forth in 1B Moore, Federal Practice, ¶ 0.411 [1], p. 1252 (2d ed. 1965):
"The doctrine of privity qualifies the requirements of identity of parties and mutuality, by extending the conclusive effect of a judgment to persons who were not parties to the earlier action, but are in privity with parties to it... . Thus, for instance, if B acquires property from A after the commencement of a suit between A and X involving A's title to the property, a judgment adverse to A in that suit also binds B, although B was not himself a party to that suit. And since B would be so bound, through privity with A, the requirement of mutuality is satisfied and B can invoke the conclusive effect of a judgment for A and against X."
Next, the appellants take the position that Mrs. Kline, not being a party to the Connecticut suit, the doctrine of res judicata or estoppel by judgment must fail. It is well settled that even though a party in a subsequent suit was not a named party in a prior suit, such party is bound by the prior judgment if he participated in the first proceeding or was represented by a party to that proceeding. In McGregor v. Provident Trust Co. of Philadelphia, 1935, *245 119 Fla. 718, 162 So. 323, our Supreme Court stated:
"There can be no question but that, in order for a person or corporation to be brought within the estoppel of the rule of res adjudicata, it is not necessary for him to have been a formal record party. His conduct may have been such as to give him the status of a party in actuality, and in such event the courts will not withhold from him the application of the rule because of the technical objection that he was not a party on the record. See ... Plumb v. Crane, 123 U.S. 560, 8 S.Ct. 216, 31 L.Ed. 268...."
The rule is well stated in an annotation, 58 ALR 2d 701, at page 706:
"Under the rules of privity a judgment against one spouse is binding upon the other spouse who was not a party to the litigation, where the non-party spouse was represented in the litigation by the party spouse as his or her agent, or has ratified the acts of the party spouse, or was virtually represented by the latter, or has participated in the litigation, or where the party spouse was the real party in interest or acted as trustee for the other, the cestui que trust."
Mr. Kline testified by deposition in this case that while pressing his claim in the Connecticut suit he had his wife's consent to represent her. His testimony is as follows:
"Q Upon what basis, then, did you claim the entire 15 percent when you made that claim in the Connecticut action?
* * * * * *
A (Continuing) Anything I do, or anything my wife does, we do it together, and we do it for each other.
Q But did you have your wife's consent to 
A Represent her?
Q Yes.
A Absolutely."
Mrs. Kline also in a deposition taken in this case testified as follows:
"Q You have testified  or you were present during your husband's deposition this morning, were you not?
A Yes. Of course.
Q And I asked him whether or not  on what basis, after having given you an interest in his interest in the property, that he appeared and claimed the full 15 percent interest in the Connecticut action, and he indicated that you knew about it and authorized it. Is that true?
A Right.
Q And you did authorize it?
A Yes."
From the record in this case it is abundantly clear that Tampa Mall, Inc. and Mrs. Kline were in privity with named parties in the Connecticut suit and are, therefore, bound by the Connecticut judgment.
For the foregoing reasons the eminent trial judge was correct in holding that the claims involved in this action are barred.
Affirmed.
McNULTY, C.J., and SCHEB, J., concur.