In re Gustavo A. ARMENTEROS and Isabel B. Armenteros, Bankrupts.

Gustavo A. ARMENTEROS and Isabel B. Armenteros, Plaintiffs,

v.

Delia A. Gonzalez DEL VALLE, Defendant.

Bankruptcy No. 79–770–Bk–JLK–B. Adv. No. 2.

United States Bankruptcy Court, S. D. Florida.

Oct. 8, 1980.

A. M. Schwitalla, Coral Gables, Fla., for plaintiffs.

M. Grusmark, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtors seek recovery of a stock certificate held by the defendant. (C.P. No. 1) Defendant denies that the debtors have any right to the stock and contend that her title to the stock was established by the State court on June 25, 1979, in litigation with the debtors by an order which has become final. (C.P. No. 10) The matter was tried before me on September 25, 1980. This order incorporates findings and conclusions as authorized by B.R. 752(a).

The facts are simple. On May 1, 1980, this court approved a sale by the bankrupt-

cy trustee to the debtors, of the trustee's right, title and interest in any stock interest that the trustee had in the stock of All Gain Enterprises, Inc. The price was $5,000. Payment was received, but no stock certificate was delivered to the purchasers, because the trustee did not have possession of any certificates. The sale was:

" . . . specifically made subject to all valid liens, encumbrances, or claims. The trustee has made no warranties or representations of any kind as to the certificates".

Defendant holds stock certificate No. 7 for 24 of the 60 shares of common stock authorized for All Gain Enterprises, Inc. This certificate reflects that the debtors are the registered holders of these shares as joint tenants with right of survivorship. The certificate has not been assigned to any other person.

The State court judgment upon which defendant relies, was entered in a suit brought by the debtor husband against the defendant in September, 1977, seeking an accounting for money claimed to be due and an injunction to prevent the defendant from using or disposing of the 24 shares in question. The defendant counterclaimed for a determination of her right to the stock in question. The judgment was entered shortly before the commencement of this bankruptcy proceeding.

That judgment finds that the debtor husband borrowed $10,000 from the defendant, pledging "his stock" to secure repayment of the debt and that he "delivered to an escrow agent named Juan Acosta all his shares of stock in All Gain Enterprises, Inc." The escrow agent was directed to deliver the stock to defendant if the debtor husband defaulted.

The agreement was subsequently modified to extend the time for payment. The debtor husband defaulted and defendant demanded and received delivery of the stock, which she has held ever since.

The State court entered judgment for the defendant as follows:

" . . . title to the stock which DELIA AURORA GONZALEZ formerly known as DELIA AURORA GONZALEZ de POSA-DA, obtained by Juan E. Acosta, the escrow agent, which stock represents all of the shares of stock held by Plaintiff in All Gain Enterprises, Inc. is hereby declared to be and constitute her property, free of any claims, lien or encumbrances by the Plaintiff".

That judgment has become final.

The bankruptcy trustee, by operation of law, took whatever title the debtors had as of the date of the bankruptcy petition, July 2, 1979. Section 70(a) (11 U.S.C. § 110). The debtors have now acquired from the trustee all of his property interests in the stock.

The debtor husband's prebankruptcy interest in the stock was effectively foreclosed by the State court judgment quoted above.

At all material times, the title to the stock was in both debtors, husband and wife, as an estate by the entireties. Both executed the agreement for pledge. The wife was never a party to the state court action and there is no explanation for that ommission. However, before the judgment was entered, the husband's attorney advised the State court that husband and wife, who he had represented for two years, had instructed him not to contest the action further. The husband filed an affidavit verifying counsel's apparent consent to judgment.

■ It is the debtor's burden in this proceeding to establish their right to immediate possession of the stock certificate which they seek. *Security Underwriting Consultants Inc., v. Collins, Tuttle Investment Corp.*, Fla.App.1965, 173 So.2d 752, 753. Debtors' only evidence is the stock certificate, which supports the inference that title to the stock is in the debtors. I find and conclude, however, that equitable ownership of the certificate and the shares it represents is in the defendant and, therefore, debtors have failed to establish their right to possession of the certificate.

■ I reach this result on two alternative grounds. The law of the jurisdiction of

rendition controls the application of res judicata in this court. 28 U.S.C. § 1738; *Aero-Jet-General Corp. v. Askew*, 5 Cir. 1975, 511 F.2d 710, 715.

■ In *Kline v. Heyman*, Fla.App.1975, 309 So.2d 242, 245, a wife was held bound by a prior judgment against her husband regarding an interest in real property, although she had not been a party to the earlier action. The court said:

"There can be no question but that, in order for a person or corporation to be brought within the estoppel of the rule of res judicata, it is not necessary for him to have been a formal record party. His conduct may have been such as to give him the status of a party in actuality, and in such event the courts will not withhold from him the application of the rule because of the technical objection that he was not a party on the record. . . .

"Under the rules of privity a judgment against one spouse is binding upon the other spouse who was not a party to the litigation, where the non-party spouse was represented in the litigation by the party spouse as his or her agent, or has ratified the acts of the party spouse, or was virtually represented by the latter, or has participated in the litigation, or where the party spouse was the real, party in interest or acted as trustee for the other, the cestui que trust."

Although the facts in *Kline* were slightly different, I find in our case that the debtor wife's conduct in the State court litigation was also such as to give her the status of a party in actuality. It follows that she as well as the debtor husband is bound by earlier adverse State court judgment.

■ I would reach the same result even if res judicata or estoppel by judgment were not applicable here, because it was plaintiffs' burden to prove a right of immediate possession and they have failed to do so. Their proof of legal title to the shares is overcome by defendant's proof of equitable ownership through foreclosure of the pledge stock, delivered to her by the escrow agent in accordance with plaintiffs' pledge after they had defaulted and before the State court action was filed.

These facts appear from the papers in the state court file received without objection as an exhibit here. Plaintiffs elected there and have elected here to offer nothing to rebut those facts. Their silence under these circumstances supports the inference that their testimony would confirm these facts. Rule 301, Fed.R.Evid.; *N. Sims Organ & Co. v. Securities and Exchange Comm.*, 2 Cir. 1961, 293 F.2d 78, cert. den. 368 U.S. 968, 82 S.Ct. 440, 7 L.Ed.2d 396; *United Broadcasting Co., Inc. v. Armes*, 5 Cir. 1975, 506 F.2d 766, cert. den. 421 U.S. 965, 95 S.Ct. 1953, 44 L.Ed.2d 452.

As is required by B.R. 752(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs, if any, will be taxed on motion.