In re Harry M. JONES and Sally V. Jones, Debtors.

Kevin CAMPBELL, Trustee, Plaintiff,

and

Harry M. Jones and Sally V. Jones, Intervening Plaintiffs,

v.

FARMLAND INDUSTRIES, INC., Defendant.

Bankruptcy No. 80–00060.
Complaint No. 81–0250.

United States Bankruptcy Court, D. South Carolina.

April 16, 1982.

Ackerman, Woodward & Campbell, Walterboro, S. C., for plaintiff.

Finkel, Goldberg & Sheftman, P. A., Columbia, S. C., for intervening plaintiffs.

James E. Betke, McDermott, Will & Emery, Chicago, Ill., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The trustee seeks to set aside an alleged voidable preference pursuant to 11 U.S.C. § 547(b)[1] of the Bankruptcy Code.

## FACTS

On November 10, 1980, the trustee filed an adversary complaint (number 80–0201) to sell the debtors' residence free and clear of liens. In his second amendment to the complaint the trustee requested:

That the court issue its order authorizing the property above mentioned to be sold free and clear of all liens with the exception of the mortgage to North Carolina National Bank, and an order declaring the priority of the liens of the Defendants, Internal Revenue Service and Farmland Industries, Inc., to the proceeds of the sale after the payment of the debtors' exemptions under Section 562 [sic] of the United States Bankruptcy Code and the payment of the fees and expenses of the trustee and the Bankruptcy Court.

Even though the debtors were not named parties in adversary proceeding number 80–0201, the debtors' attorneys filed an answer asserting that ". . . the judgment lien held by defendant Farmland Food Services, Inc. is not senior in rank and prior to that of the tax lien . . . ."

The court held a hearing on the trustee's complaint to sell the debtors' real estate free and clear of the liens of Farmland Food Services, Inc. (Farmland) and the Internal Revenue Service (I.R.S.). The trustee, Farmland's attorney, and the debtors' attorneys were present at the hearing. At this hearing, the court ruled that the debtors were not parties to the adversary proceeding.

On March 3, 1981, the court issued an order allowing the trustee to sell the real estate in question free and clear of the liens of Farmland and I.R.S. This order requested that the parties submit briefs to assist the court in determining the priorities between Farmland and I.R.S. as to the proceeds of the sale. The attorneys for the I.R.S., Farmland, and the debtors complied.

At the hearing, and in their memorandum, the debtors' attorneys argued that the I.R.S. should have priority over Farmland to the proceeds of the sale for two reasons: (1) taxes, whether perfected by lien or not, have priority over judgment liens under 11 U.S.C. § 507(a)(6)(A)(i)[2]; and (2) that giving the I.R.S. priority to the proceeds of the sale would be more beneficial to the debtors' "fresh start"[3] since it would not leave them with a tax liability after the close of the bankruptcy case.

---

1. 11 U.S.C. § 547(b): Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor— (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made —(A) on or within 90 days before the date of the filing of the petition; or (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—(i) was an insider; and (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under Chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. 11 U.S.C. § 507(a): The following expenses and claims have priority in the following order:

* * * (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—(A) a tax on or measured by income or gross receipts—(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition; * * *.

3. One of the primary purposes of the Bankruptcy Code is to give debtors "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); Accord, e.g., *Harris v. Zion's Savings Bank & Trust Co.*, 317 U.S. 447, 451, 63 S.Ct. 354, 357, 87 L.Ed. 390 (1943); *Stellwagen v. Clum*, 245 U.S. 605, 617, 38 S.Ct. 215, 218, 62 L.Ed. 507, (1918); *Perez v. Campbell*, 400 U.S. 818, 91 S.Ct. 71, 27 L.Ed.2d 45 (1971).

After considering the parties' memoranda, none of which raised the issue of the Farmland judgment's being a voidable preference, the court issued an order on March 10, 1981 which stated that "Farmland Food Services, Inc. is a secured creditor, holding a valid judgment lien." The order then said that I.R.S. had not filed nor perfected its lien and, as a result, Farmland was entitled to the proceeds from the sale of the debtors' home up to and including the amount of Farmland's claim.

On May 27, 1981, the trustee filed another adversary complaint (number 81–0250) to avoid Farmland's judgment as a preferential transfer pursuant to § 547(b).

The debtors filed a motion to intervene as parties plaintiff. By order, dated July 23, 1981, they were permitted to intervene.

In its answer, Farmland alleged that because of this court's order of March 10, 1981, the trustee is barred by *res judicata* and collateral estoppel from having Farmland's judgment avoided as a preferential transfer.

The trustee argued that collateral estoppel does not apply because the issue of whether Farmland's judgment was a voidable preference never arose in the first adversary proceeding (number 80–0201). The debtors contend: first, that collateral estoppel does not apply because the debtors were not parties to the first adversary proceeding (number 80–0201), therefore, there was not the identity of parties essential to the application of the doctrines of *res judicata* and collateral estoppel; second, that even if the *trustee* is collaterally estopped from litigating the voidability of Farmland's judgment, the *debtors*, not having been parties to the first adversary proceeding—nor in privity with any party therein—are not estopped from litigating the issue of Farmland's alleged voidable preference.

## ISSUE

The issue is whether the trustee's proceeding to avoid Farmland's judgment as a preferential transfer is barred by the doctrines of *res judicata* and collateral estoppel.

## DISCUSSION AND CONCLUSION

### I

While the second proceeding is not based on the same cause of action which had been litigated and decided in the first adversary proceeding (number 80–0201), the question of Farmland's lien's being a voidable preference under § 547(b) is an issue which could have, and should have, been raised in the action determining Farmland's priority to the proceeds of the sale of the debtors' home. The trustee is estopped from raising that issue now.

Before the defense of res judicata is made good the following elements must be shown: (1) The parties must be the same or their privies; (2) the subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or are in privity the judgment is an absolute bar not only of what was decided but of what might have been decided.

*Bagwell v. Hinton*, 205 S.C. 377, 32 S.E.2d 147, 156 (1944). *See* also, *Antrum v. Hartsville Production Credit Association*, 228 S.C. 201, 89 S.E.2d 376, 380 (1955); *Dunlap v. Travelers Ins. Co.*, 223 S.C. 150, 74 S.E.2d 828, 831 (1953).

In discussing the doctrine of *res judicata*, the *Antrum* court stated that:

While the doctrine has been generally said to bar relitigation not only of issues actually decided in the former proceeding, *but also of such issues as could have been there presented for decision*, the application of the defensive bar to the latter rests, strictly speaking, upon the doctrine of estoppel rather than that of res judicata. (Emphasis added).

See also, *Parklands, Inc. v. Gibson*, 255 S.C. 226, 178 S.E.2d 255, 256 (1970); *Hamilton v. Patterson*, 236 S.C. 487, 115 S.E.2d 68, 71 (1960); *Melton v. Melton*, 229 S.C. 85, 91 S.E.2d 873, 875 (1956); *Dunlap v. Travelers Insurance Company*, 223 S.C. 150, 74 S.E.2d 828, 831 (1953).

### II

The debtors contend that even if the *trustee* is estopped by the prior proceeding

from seeking to have Farmland's judgment avoided, as a preferential transfer, the *debtors* are not estopped since they were not parties to, nor in privity with the parties in, the prior action.

Courts have held that a judgment in a prior action is conclusive as to the parties therein as well as to persons who were not parties, nor in privity with a party, but who, nevertheless, have participated in the litigation. *See, Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), *Souffront v. La Compagnie des Sucreries*, 217 U.S. 475, 30 S.Ct. 608, 54 L.Ed. 846 (1910); *Plumb v. Goodnow (Plumb v. Crane)* 123 U.S. 560, 8 S.Ct. 216, 31 L.Ed. 268 (1887); *Patterson v. Saunders*, 194 Va. 607, 74 S.E.2d 204 (1953), *cert. denied* 345 U.S. 998, 73 S.Ct. 1132, 97 L.Ed. 1405, *reh. denied* 346 U.S. 842, 74 S.Ct. 15, 98 L.Ed. 362.

Particularly relevant is the following comment from *Kincade v. Jeffrey-DeWitt Insulator Corporation*, 242 F.2d 328, 332 (5th Cir. 1957):

> We agree with the appellee that defendant became a party to the action, not only formally by reason of the answer and cross bill filed by his counsel, but in substance and actuality by reason of the defendant's personal, active, and open participation in the cause as defendant and cross-plaintiff . . . .

In the first proceeding the debtors' attorneys answered the complaint, appeared and argued at hearings, and submitted a memorandum. Because of such participation, the debtors are bound by the judgment in the first proceeding, and are estopped from litigating the avoidability of Farmland's judgment.

Even if the *debtors* are not estopped by the judgment in the prior proceeding, they are not proper parties to litigate the issue of whether Farmland's judgment is a voidable preference. The right to avoid a preferential transfer is given only to the trustee by § 547(b) which states that ". . . the *trustee* may avoid any transfer . . . ." (Emphasis added).

### III

■ Although debtors have certain limited rights to avoid preferential transfers under 11 U.S.C. § 522(h)[4], that section is not relevant to this case for two reasons. The first reason is because the debtors' avoiding powers under § 522(h) relate only to property (referred to in 11 U.S.C. § 522(g))[5] which the debtors could have exempted if the trustee had recovered the property pursuant to his avoiding and recovery powers. Under § 522(h) ". . . the debtor's right to avoid the transfer or recover the setoff is only to the extent that the debtor could have exempted the property if the trustee had avoided the transfer." 3 *Collier on Bankruptcy* ¶ 522.30 at 522–72 (15th ed. 1979).

Because the debtors have already claimed, and received, their maximum exemptions in the real estate, they may not now exempt any of the proceeds of the real estate if they were to be recovered (as a voidable preference) by the trustee from Farmland.

■ The second reason that § 522(h) is not applicable in this case is that the *trustee*

---

**4.** 11 U.S.C. § 522(h): The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

**5.** 11 U.S.C. § 522(g): Notwithstanding sections 550 and 551 of this title, the debtor may ex-

empt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

is attempting to recover the property. Section 522(h) can only be used by the debtors if the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt. H.R.Rep.No.595, 95th Cong., 1st Sess. 362–363 (1977); S.Rep.No. 989, 95th Cong., 2d Sess. 77 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5863, 6318. "It is not intended that the debtor be given an additional opportunity to avoid a transfer or that the transferee have to defend the same action twice. Rather the section is primarily designed to give the debtor the rights the trustee could have pursued if the trustee chooses not to pursue them." *Id.*

Since the trustee, in using his avoiding powers, is estopped from avoiding Farmland's judgment as a preferential transfer, the debtors may not use § 522(h) to avoid Farmland's judgment as a preferential transfer.

In conclusion, this court holds that the trustee, the only party who may avoid the alleged preferential transfer in this case, is estopped, by the judgment in adversary proceeding number 80–0201, from now avoiding Farmland's judgment as a preference.

### ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the complaint be dismissed with prejudice and that the defendant have judgment against the plaintiff and the intervening plaintiffs.