## · 15560

### DUNLAP v. TRAVELLERS INSURANCE COMPANY

(26 S. E. (2d), 504)

October, 1942.

*Messrs. Melton & Belser,* of Columbia, S. C., and *Mr. George D. Levy,* of Sumter, S. C., Counsel for Appellant,

*Messrs. McLeod & Shore* of Sumter, S. C., Counsel for Respondent,

July 12, 1943.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court:

In this action the plaintiff recovered a judgment against the Travelers Insurance Company, covering disability benefits and including a refund of premiums paid.

The policy sued upon provides, *inter alia,* that if "the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive the payment of any premium which may fall due on this contract during such disability, and will pay from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. The premium so waived and the disability income so paid will not be deducted in any settlement hereunder."

The Circuit Court overruled motions made by the defendant for a nonsuit and for a directed verdict; and a motion for a new trial, based upon the same grounds embodied in the first two motions, was refused.

There are no significant differences between the problems presented here and those in *Dunlap v. Maryland Casualty Co.,* 203 S. C., 1, 25 S. E. (2d), 881. The two cases were brought by the same plaintiff, involve the same testimony, and present legal issues arising out of policy provisions which do not differ materially.

The opinion in this case is not intended to preclude the appellant from instituting an action at a later date to have

it judicially declared that the respondent is then not wholly and continuously disabled by reason of his injury from engaging in any occupation or employment for wage or profit reasonably comparable to his previous earnings.

For the reasons set forth in *Dunlap v. Maryland Casualty Co., supra,* the judgment below is affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.