15565

## GANDY v. PRUDENTIAL INSURANCE COMPANY OF AMERICA

(26 S. E. (2d), 504)

February, 1943.

*Mr. E. C. Dennis, Jr.,* of Darlington, S. C., and *Mr. John F. Wilmeth, of Hartsville,* S. C., Counsel for Appellant,

*Mr. Melvin Hyman,* of Darlington, S. C., and *Messrs. Royall & Wright,* of Florence, S. C., Counsel for Respondent,

July 22, 1943.

Mr. Associate Justice Baker delivered the unanimous opinion of the Court:

On January 7, 1927, the appellant issued a life insurance policy on the life of respondent in the sum of $5,000.00, which insurance policy contained total and permanent disability benefits and provisions not sufficiently dissimilar to those contained in policies of insurance forming the basis of actions in numerous cases heretofore decided by this Court as to require that we here set out the terms thereof. The policy also provided for waiver of the payment of premiums should the insured become totally and permanently disabled.

This action is for the collection of total and permanent disability benefits under the terms of the policy above referred to.

The appellant denies liability on the sole ground that the respondent is not totally and permanently disabled within the provisions of the policy.

We are of course limited in this opinion to the period of time for which disability benefits were sought in the Court below.

On March 31, 1938, the respondent, while intoxicated, slipped and fell against the front door of his home pushing his right hand and arm through the glass in the door, permanently injuring his right hand and arm so as to cause disability of that particular member of about ninety (90%) per cent. At the time of the accident and for several years prior thereto, respondent was employed as a travelling salesman for a roofing and corrugation company, from which employment he earned about $3,000.00, plus, per annum. He was also a one-half owner of a small farm, the other half being owned by a brother, and while this farm was operated for his benefit and that of his brother, the respondent had nothing to do with the operation thereof.

As the result of his accident, respondent was unable to continue in the employment of the company for which he traveled.

Upon the trial of the case the testimony covered a wide range and period of time, extending up to the date of the trial, all of which was probably relevant on the issue of whether the respondent was totally and permanently disabled, as this term has been construed and defined by the Courts of this state when applied to insurance policies, during the time for which he sought these benefits as set forth in his complaint, to wit, for the months of April, May, June and July, 1940, at $50.00 per month.

The respondent was reared on a farm and prior to his accident he and a brother owned a farm which was operated by them through an overseer. The brother died before respondent's accident, following which the respondent, through an overseer, took over the management of the whole farm and also operated some rented farm land. Following his accident the respondent gradually added to his farm holdings until at the time of the trial of this case in January, 1943, he was farming about 660 acres, and had received a net income from this source for the year 1942, as shown by his income tax return, of $7,342.00. His income tax returns showed a net profit for the years 1940 and 1941 of $1,483.28 and $1,823.09, respectively. Of course, at the time of the institution of this action it was not known if respondent would make a net profit of any amount from his then vocation or occupation as a farmer.

Appellant's Exceptions 1 and 2, impute error to the trial Judge in refusing its motions for nonsuit and for a direction of verdict.

We deem it unnecessary to go into the details of the testimony as to the extent of the respondent's individual manual labor in his farming operations.

The brief summary of the ultimate facts of the case as developed upon the trial hereinbefore set out, made it the duty of the trial Judge to submit the issue involved to the jury. Citation of authority is not necessary for the well-known principle that if there is sufficient

competent evidence upon which the jury can reasonably conclude that the respondent was, during the period involved, totally and permanently disabled under the terms of the policy of insurance and the well-known applicable rules of law, then it is the duty of the trial Judge to submit, under proper instructions, such issue to the jury.

We find nothing in the record to warrant appellant's Exception 3.

Exception 4 alleges error in the charge of the trial Judge when, at the instance of respondent, he charged the jury: "In other words, Mr. Gandy is not precluded from recovering from the Prudential Insurance Company of America the disability benefits of the policy if you find that his alleged disability impairs his capacity to do all of the essential acts necessary to conduct farming operations effectively and necessitated the employment of one or more persons to aid and assist him in his work which would not have been required except for his alleged disability."

While this statement of the law is subject to the criticism that it is too broad and all-embracing yet when considered in connection with the charge as a whole, it cannot be said to constitute such prejudicial error as would warrant this Court in granting a new trial.

In the affirmance of the judgment herein we again direct, attention to the fact that we are precluded from passing upon the right of respondent to recover on his contract of insurance for any period of time other than that for which he brought his action. We do not presume to extend the holding herein so as to include all of the year of 1940, and the years 1941 and 1942, nor any later time. If and when any issue as to these later periods of time is presented to this Court, we will then consider same.

In connection with the issues here involved, attention is invited to the recent cases decided by this Court of *Moyle v. Mutual Life Insurance Co.*, 201 S. C., 146, 21 S. E. (2d), 561; *Dunlap v. Maryland Casualty Co.*, 25 S. E. (2d), 881;

and *Dunlap v. Travelers Insurance Company,* just decided and reported in 26 S. E. (2d), 504.

All exceptions are overruled, and the judgment appealed ·from affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES T. S. SEASE and E. H. HENDERSON, ACTING ASSOCIATE JUSTICES, concur.