15987

PRUDENTIAL INS. CO. OF AMERICA v. CANNON

(44 S. E. (2d) 25)

*Mr. Clarke W. McCants,* for Appellant, ▮

*Messrs. C. T. Graydon* and *John Grimball,* of Columbia, for Respondent,

September 4, 1947.

BAKER, CJ.: This is a declaratory judgment action instituted in the Court of Common Pleas for Richland County by the appellant, The Prudential Insurance Company of America, against the respondent, Roy R. Cannon, having for its purpose the determination by that Court of the appellant's further liability under the terms of its insurance policy for additional disability payments claimed to be due the respondent, under an insurance policy issued to him by the appellant on March 22, 1919. We do not find that the precise dominant issue here involved has heretofore been passed upon by this Court.

The policy or contract of insurance being of the "twenty-year-pay type" matured on March 22, 1939, and by its provisions, in case of the death of the respondent, the appellant agreed to pay to the designated beneficiary therein the sum of One Thousand ($1,000.00) Dollars; and further, to pay to the respondent Ten ($10.00) Dollars a month in the event he should become totally and permanently disabled to such an extent that he, by reason of such disability or incapacity, is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind

of compensation of financial value. It is further provided therein:

"Recovery from Disability.—The Insured, upon demand by the Company at any time during such disability and before the Company's liability hereunder has ceased, shall furnish proof that he actually continues in a state of disability, as defined above, and in case of his failure so to do the Insured shall be deemed to have recovered from such state of disability.

"In the event that the Insured recovers from such state of disability * * * no further monthly payments shall be made * * *."

In April, 1939, the respondent became ill from a bone infection of the knee joint (osteomyelitis), and was confined to bed for ten months. The appellant paid the respondent disability payments only after suit was instituted. In July, 1940, the appellant again denied liability under its policy which it had issued to the respondent, and he brought suit for the disability payments provided for therein in the Richland County Court, resulting in a holding by said Court that the respondent was permanently disabled and directing the appellant to make the disability payments. *From such judgment there was no appeal,* and the appellant paid in accord therewith until January, 1944, when it ceased making the monthly disability payments. In May, 1944, the appellant instituted this action in the Court of Common Pleas for Richland County seeking a declaration of the rights of the parties herein.

The appellant's complaint sets out the pertinent provisions of its contract with the respondent, the payment of disability benefits to him under the judgment of the Richland County Court, up to January 21, 1944, and the cessation of payments, alleging that the respondent had recovered from his disability to such an extent that the appellant was no longer liable to him under the contract or policy for such monthly disability payments; and that the respondent contemplated

an action against the appellant, having for its purpose the enforcement of his alleged claim for disability payments, which claim was denied by the appellant.

The respondent's answer alleges that the Richland County Court had adjudicated the matter of his disability and had found that he was totally and permanently disabled, and that no appeal had been taken from that order and judgment which was still binding on the appellant. The respondent further alleged that there had been no improvement in his physical condition whatsoever and therefore the decision of the Richland County Court is still controlling as to his disability, and binding on the appellant in this action.

At the conclusion of the taking of testimony, the appellant and the respondent, respectively, moved for a direction of verdict in their behalf.

The respondent's motion for a direction of verdict in his behalf was made on the ground that there had been no showing by the appellant that there had been any material change in his (physical) condition since the judgment in his favor was rendered in the Richland County Court. In passing on the motions of the appellant and the respondent, the trial judge stated in part as his reason for granting the motion of the respondent:

"Both of you have made motions for a directed verdict, and while I think it is my duty, if there is any dispute as to the facts, to let it go to the jury, I cannot see any dispute in the facts in this case, and I am going to direct a verdict for the defendant. So that the record might show my reasons for doing it, the defendant in this case instituted a cause of action in the County Court of Richland County, which was tried, and an Order refusing the motion for a new trial was filed in October, 1941, the result of that trial being that the present defendant was determined totally and permanently disabled. No appeal was taken from that verdict entered on it. Under my view of the matter, the present plaintiff must show a change in condition from that decided in the previous

trial before he can avoid paying the total and permanent disability payments under this policy. By the failure of the present plaintiff to appeal from the findings of the last trial, in effect, that his total and permanent disability in this case was set, and a change in condition from that would have to be shown to warrant a change in the situation.

"The facts in this case, from a reading of the Order of Judge Holman, are apparently identical with the facts in the other case in all of the material and essential elements, with the exception that in this case there has been shown that the defendant has received an increase in salary since the last trial. The testimony is undisputed that that increase in salary arose, not because of any improvement in the physical condition of this defendant, but arose from actions of the General Assembly of South Carolina in making available increases in salaries of State employees, and certainly I could not hold, nor could it be successfully argued that this defendant, in the same physical condition that he was at the time of the last trial, would be barred from total and permanent disability payments under this policy because of general increases made by the General Assembly for State employees."

Later, and after having stated that he granted the motion of the respondent, the trial Judge remarked: "I would like the record to show this: that I directed a verdict upon the second ground. While I consider the first absolutely sufficient, I am directing it on the second ground, under the decisions of the Supreme Court interpreting provisions similar to the provisions of this policy, that the plaintiff has failed to show by the undisputed testimony that the defendant is not totally and permanently disabled."

It will, therefore, be seen that the record in this case is to an extent confusing respecting the ground upon which the trial Judge ordered a direction of verdict in behalf of the respondent. However, under Section 8 of Rule 4 of this

Court, the right is reserved to sustain any ruling, order or judgment upon any grounds appearing in the record.

In the light of the judgment of the Richland County Court by which the respondent was on October 6, 1941, adjudged to be totally and permanently disabled and entitled to collect from the appellant the monthly disability payment provided for in the policy of insurance (the identical policy here involved), full consideration being given to the nature of the respondent's disability, the decisive issue in the instant case is whether there has been a substantial improvement in the physical condition of the respondent since the rendition of said judgment.

Supplemental to the statement of facts contained in the portion of the order of the trial Judge hereinbefore quoted, it should be stated that at the time of the trial and rendition of the judgment in the Richland County Court, the respondent was then employed by the South Carolina Tax Commission and in the same capacity as he is now employed; and that an increase in the respondent's salary has come about through economic conditions, and not from either an improvement in his physical condition, or from his services becoming more valuable. If there has been no improvement in the physical condition of the respondent since the rendition of the judgment of the Richland County Court, then in the situation of this case, the issue if the respondent is entitled to collect the monthly disability payments is *res judicata*; and under the pleadings, the burden of proving a change for the better in the respondent's physical condition devolved on the appellant.

We have studied the record in this case with especial reference to whether there has been any improvement in the respondent's physical condition since the rendition of the judgment in the Richland County Court, and find no testimony from which a reasonable inference can be drawn that it is improved.

It is true that at one point in the testimony of Mr. W. G. Query, Chairman of the South Carolina Tax Commission, a witness for the appellant, he expressed as his opinion that the respondent's condition had improved since 1942, notwithstanding the testimony of Dr. A. T. Moore, an orthopedist (who had testified out of order and as a witness for the respondent), that there was in fact no improvement in the respondent's physical condition. But the record discloses that Mr. Query's opinion was based on reports made to him ("hearsay" evidence), and superficial observations of the respondent, whereas Dr. Moore, the respondent's physician over a long period of time, made examinations of and treated the respondent on an average of once every three weeks, and had even resorted to the use of penicillin, occasionally referred to as the "wonder drug" of this age, in his treatment of the respondent, but without any lasting benefit. And Mr. W. R. Bradley, the immediate superior officer over the respondent, and who came in close contact with him, refused to express an opinion whether the respondent's physical condition had improved. Under these circumstances, the testimony of Mr. Query giving his opinion concerning an improvement in the respondent's physical condition was of no probative value. Moreover, the testimony of Dr. Moore was not opinion evidence, but was of his knowledge of the acactual condition of the respondent.

There being no issue for submission to the jury, the trial Judge properly granted the motion for a direction of verdict in favor of the respondent, and the judgment appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.