16719

DUNLAP v. TRAVELERS INS. CO.

(74 S. E. (2d) 828)

152

Messrs. J. Edwin Belser, Jr. of Columbia, and C. M. Edmunds and John S. Hoar, of Sumter, for Appellant, 

Messrs. McLeod and Shore, of Sumter, for Respondent,

February 24, 1953.

JAMES B. PRUITT, Acting Associate Justice.

This is an action brought by the plaintiff for benefits under an insurance policy issued by the defendant to the plaintiff protecting him against permanent and total disability on the 20th day of June, 1922. The contract of insurance was issued and delivered in the State of North Carolina. Thereafter, during the year 1940, the respondent accidentally injured his right hand, in which certain bones were crushed. Subsequently he brought an action in the Circuit Court of Sumter County, South Carolina, to collect the benefits provided by said policy. In that case the plaintiff recovered judgment and the defendant appealed to this court, being reported in *Dunlap v. Travelers Insurance*

*Company,* 203 S. C. 165, 26 S. E. (2d) 504. The defendant paid benefits to the plaintiff for some years but in 1949 terminated the payments, and thereupon the present action was brought to enforce payment.

By its second defense, in the present controversy, the defendant pleads that the contract of insurance was issued and delivered in the State of North Carolina and desires to invoke the *lex loci contractus.*

Plaintiff moved to strike said defense on the ground that the same was irrelevant, immaterial and redundant. His Honor, G. Duncan Bellinger, Circuit Judge, issued his order striking the defense and the defendant appealed.

After a very careful study of the well considered order of his Honor, G. Duncan Bellinger, Circuit Judge, from which this appeal was taken, we are satisfied that it disposes of all questions correctly and it will be reported as the judgment of this court.

Order of Judge Bellinger:

"This matter came on to be heard before me while presiding over the Courts of the Third Judicial Circuit, and arises on demurrer by plaintiff to a defense in the answer and on a concurrent motion to strike the same defense. It is conceded that these modes of attack are the same for all practical purposes. The Plaintiff takes the position that the things set forth therein by way of defense are irrelevant, immaterial and redundant.

"The plaintiff, who is a dentist by profession, alleges, among other things in his complaint, that he, on the 20th day of June, 1922, purchased from the defendant an insurance policy which insured him against permanent and total disability. That thereafter, on the 1st day of August, 1940, he sustained an accident in which the bones of his right hand were crushed and that as a result thereof he became permanently and totally disabled under the terms of the policy in suit. Thereafter he instituted an action on the same policy against the same defendant to recover payments

thereon as a result of these injuries. In the former action the plaintiff was successful in the lower Court and the judgment of that Court was affirmed by the Supreme Court of this State, the opinion of the Court in that case being reported in 203 S. C. 165, 26 S. E. (2d) 504. Pursuant to this adjudication the defendant paid the plaintiff the installments sued for in that case and paid all subsequent installments as they became due until 1st day of August, 1949, when the defendant refused to pay any further installments after that time.

"The instant action was brought to recover such payments that became due from the 1st of August, 1949, to the 31st day of March, 1951. The plaintiff alleges in his complaint that he is 'totally and permanently disabled within the terms of the said policy of insurance, * * * all of which will more fully appear by reference to judgment * * * of record in the office of the Clerk of Court for Sumter County, and by reference to the decision of the Supreme Court of South Carolina in the case of *Dunlap v. Travelers Insurance Company,* 203 S. C. 165, 26 S. E. (2d) 504, * * *'

"The defendant, by way of a second defense '* * * alleges further that the defendant, The Travelers Insurance Company, issued said policy of insurance. * * * and delivered the same to the plaintiff herein in the State of North Carolina, said plaintiff being a citizen and resident of the said State at the time of the executing and delivery of said contract of insurance; that said contract was entered into by and between the parties thereto in the said State of North Carolina; that said contract, therefore, constitutes a North Carolina contract, the validity thereof and its interpretation being subject to the laws of said State, and the defendant herein pleads, specifically, the laws of the State of North Carolina, as a defense to this action.'

"By the defense interposed, the defendant desires to invoke the *lex loci contractus,* which it is conceded by both the plaintiff and defendant was not plead as a defense in

the former trial, nor introduced therein. So that the former trial proceeded under the law of South Carolina. There is no contention that the policy was executed and delivered in the State of North Carolina.

"It is the contention of the defendant that although the disability benefits now sued for were provided for in the policy of insurance, constituting the basis of the former action, it is a separate and distinct cause of action, and was not sued for in the former suit, that suit being only for the amount of accrued installments up to that time. The defendant takes the position that the decision of the Court in the former suit between these parties would not preclude the defendant in this action to set up as a defense to the payment of future installments, the defense now interposed, it not being bound by the defense interposed in the former action.

"The question narrows itself down to whether or not, under the decision of the Supreme Court in the former case between the same parties herein referred to, can a defense be set up in this action different from that set up in the prior action? The main bone of contention is the effect of the judgment in the former action.

"In the former action between these parties, reported in 203 S. C. 165, 26 S. E. (2d) 504, after affirming the decision of the lower Court, our Supreme Court said:

" 'The opinion in this case is not intended to preclude the appellant from instituting an action at a later date to have it judicially declared that the respondent is then not wholly and continuously disabled by reason of his injury from engaging in any occupation or employment for wage or profit reasonably comparable to his previous earnings.'

"By that holding, the Court said, in effect, that as to the payment of any further installments for disability the only defense available to the defendant was to show that the plaintiff had reached the point where he is no longer 'not wholly and continuously disabled by reason of his injury from engaging in any occupation or employment for

wage or profit reasonably comparable to his previous earnings.'

"Subsequent to the decision in the case of *Dunlap v. Travelers Insurance Co., supra,* our Supreme Court had before it the case of *Prudential Insurance Co. of America v. Cannon,* 211 S. C. 134, 44 S. E. (2d) 25, 27, which was an action instituted by the plaintiff for a declaratory judgment determining plaintiff's further disability under an insurance policy for additional payments to the defendant, Cannon. The defendant in that case had secured a verdict in the lower Court, from which the appeal arose. The Court in affirming the result of the lower Court, said:

" 'If there has been no improvement in the physical condition of the respondent since the rendition of the judgment of the Richland County Court, then in the situation of this case, the issue if the respondent is entitled to collect the monthly disability payments is *res judicata;* and under the pleadings, the burden of proving a change for the better in the respondent's physical condition devolved on the appellant.'

"We find that Courts of other jurisdictions hold as our Court does, that after it has been once adjudicated that one is wholly and permanently disabled by reason of his injuries from engaging in any occupation or employment for wage or profit reasonably comparable to his previous earnings, that the only way of avoiding payment of the benefits under the policy is for the defendant to show a change of plaintiff's condition to the contrary and no other defense is left to the insurer. *Metropolitan Life Insurance Co. v. Pribble,* Tex. Civ. App., 130 S. W. (2d) 332; *Kortz v. Guardian Life Insurance Co.,* 10 Cir., 144 F. (2d) 676, certiorari denied, 65 S. Ct. 63, 323 U. S. 728, 89 L. Ed. 584; *Moskowitz v. Prudential Insurance Co.,* 355 Pa. 30, 47 A. (2d) 648, and authorities therein cited.

"In discussing further the principle of *res judicata* we would note in the instant case that we have (1) the same

parties; but (2) not the same cause of action. The former action adjudicated (1) that the plaintiff was totally and permanently disabled within the meaning of the policy; and (2) that the defendant was liable under the policy of insurance for the installments then accrued. The present cause of action arose after the adjudications made in the former suit and has as its object the recovery of the alleged accrued installments on the disability policy, falling due since the former action.

"The plea of *res judicata* applies to those matters actually adjudicated in the former action. *Johnston-Crews Co. v. Folk,* 118 S. C. 470, 111 S. E. 15; *Horton v. Horton,* 214 S. C. 141, 50 S. E. (2d) 425; *Griggs v. Griggs,* 214 S. C. 177, 51 S. E. (2d) 622.

"We would add parenthetically, that all of the facts necessary to prove the material elements in this action would be essentially the same, except as to the dates of the accrual of the installments falling due since the former action.

"In actions brought for the payment of installments, as required by a contract, as each installment becomes due a new cause of action arises. The holdings of our Court in the *Dunlap* and *Cannon cases* are not to the contrary. The Court determined that under the terms of the policy, upon which a recovery had been had in the former actions, that if the permanent total disability of the plaintiff continued to exist, upon failure of defendant to make the installments when due, the plaintiff could sue for those installments and that the only defense to be interposed by the defendant was that the disability no longer continued and that an improvement in the condition of the plaintiff had come about removing the disability. However, the Court determined that the burden would then be upon the defendant to prove any improvement in the physical condition of the plaintiff that would show that the disability no longer existed.

"When the term *res judicata* was used by our Supreme Court, it may be that it did not intend to apply the strict doctrine of *res judicata,* but its decision rested more upon the doctrine of estoppel by the former judgment. In the present action the plaintiff brings his action upon a different claim or demand. This being true, the judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding or verdict was rendered. Therefore, the inquiry here is as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. As to those matters litigated, the judgment in that action is conclusive in the present action.

"Here we must determine, first, was the former judgment rendered on the same cause of action. This question must be answered in the negative. The question then arises, secondly, was some matter litigated in the former suit determinative of the matter in controversy in the present action? To answer this we must examine the pleadings in the instant case and give study to the decision of the Supreme Court in that former case. From this study we reached the conclusion that the former decision determined, first, that the plaintiff in this action was totally and permanently disabled under the terms of the policy; and, secondly, that he was entitled to payments of the installments then due under the terms of the policy. That decision clearly shows that the plaintiff could thereafter institute an action or actions to recover any future installments as they became due and that the only defense to be had by the defendant in such an action thereafter brought would be that the plaintiff no longer suffered from total and permanent disability but that the burden would then be upon the defendant to prove the removal of the disability. The Court did not attempt to hold in anywise that the temporary permanent disability would be presumed to continue, but left the question of continuous disability open, for the de-

fendant might be able to show by evidence that the plaintiff could reach the point of improvement where he could again practice his profession, or could in the future train himself for some other gainful occupation that would bring him in an income comparable to that which he earned before his disability took place.

"There is a further reason why the defense interposed in the present action should be stricken. In the former action the defendant had the opportunity to set up as a defense the very defense it now interposes and which is sought to be stricken, namely, that the policy of insurance was delivered to the plaintiff in the State of North Carolina; that the plaintiff was a resident of the State of North Carolina; that the contract was entered into by and between the parties in North Carolina; that the contract constitutes a North Carolina contract and that the validity thereof and interpretation is subject to the laws of the State of North Carolina and the plea of the laws of North Carolina. It did not see fit to interpose that defense in the former action; it had the opportunity to so do and it would have been proper for it to do, but on the contrary it saw fit to try the cause under the laws of the State of South Carolina. It will not now be permitted to interpose as a defense the laws of North Carolina. *Griggs v. Griggs,* 214 S. C. 177, 51 S. E. (2d) 622.

"For the reasons herein set forth, the motion of the plaintiff is granted and the second defense interposed by the defendant in its amended answer is Ordered stricken."

For the reasons stated in the above order of his Honor, G. Duncan Bellinger, it is the opinion of this court that the action of the lower court should be affirmed,

And it is so ordered.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.