0078

George R. SCIARRONE, Respondent, v. The LIFE INSURANCE COMPANY OF VIRGINIA, Appellant.

(313 S. E. (2d) 322)

Court of Appeals

*H. Donald Sellers* and *Thomas H. Coker, Jr., Haynesworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*J. D. Todd, Jr., Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Feb. 17, 1984.

BELL, Judge:

George Sciarrone brought this contract action to recover disability benefits under an insurance policy issued by Life of Virginia. In a prior suit involving the same insurance policy and the same parties, Sciarrone obtained judgment on his claim that Life of Virginia was required by the policy to pay him $500.00 a month as long as his disability continued. After paying full benefits for over three years, Life of Virginia, in March 1980, reduced Sciarrone's monthly benefit to $343.47, contending it was entitled to do so under a "Relation of Earnings to Insurance" clause in the policy. Sciarrone sued for damages for breach of contract. The court again entered judgment for Sciarrone. Life of Virginia appeals. We affirm.

The case was decided on cross motions for summary judgment and the material facts are not in dispute. On August 27, 1973, Life of Virginia, issued a policy of insurance under which it agreed to pay Sciarrone $500.00 a month in the event he became totally and permanently disabled. In September 1975, Sciarrone lost the sight in both eyes because of retinitis pigmentosa. This ailment rendered him disabled within the meaning of the policy. He filed a claim for benefits on the Company's standard claim form on September 12, 1975. On a second claim form filed with the Company on September 25, 1975, Question 10 asked: "Are you receiving Social Security Disability Benefits?" Sciarrone's answer was: "Applied For." On February 10, 1976, Sciarrone again filed a claim form with Life of Virginia. He answered Question 10 by checking the "Yes" box and writing in "will be," next to which he wrote "March 1976."

When The Company refused to pay Sciarrone's claim, he brought suit on the policy in June 1976. Among other things, his complaint alleged:

> Plaintiff is ... entitled to have the Court declare that the defendant is required under the terms and provisions of such policy to continue monthly benefits of $500.00 a month so long as the plaintiff's disability lasts or until he reaches the age of 65 years.

Life of Virginia denied this paragraph, thus joining issue on the allegation.

The action came on for trial in August of 1976 and resulted in a directed verdict for Sciarrone from which no appeal was

taken. The Company was also required to pay a $1,750.00 attorney's fee for unreasonably defending the action.

As a result of the judgment, Life of Virginia paid all past due disability benefits, and monthly paid $500.00 to Sciarrone as required by the policy until March of 1980. At that time the Company unilaterally reduced payments to $343.75 a month, contending that it was entitled to do so under a policy provision denominated the "Relation of Earnings to Insurance" clause, because Sciarrone was receiving social security payments.

Sciarrone was again forced to sue for his benefits in the face of this refusal by the Company to pay him the $500.00 a month stipulated in the policy.

I.

The Company's sole defense to Sciarrone's claim rests on the "Relation of Earnings to Insurance" clause. It maintains in this Court, as it did below, that Sciarrone is not entitled to $500.00 a month under that clause, because he receives social security.

Without question Life of Virginia received notice of Sciarrone's social security benefits prior to the first trial in 1976. Counsel for the Company now concedes as much. The Company also now admits it could have raised the "Relation of Earnings to Insurance" clause as a defense to Sciarrone's claim for $500.00 a month in the first lawsuit. Given these facts, the law is clear and well settled. If a matter which could have been raised in a prior action was not made a ground of defense, the prior judgment is conclusive on the parties and the defense cannot be raised in a later action. *Leonard v. M'Cool*, 22 S. C. Eq. (3 Strob. Eq.) 44 (1849); *Griggs v. Griggs*, 214 S. C. 177, 51 S. E. (2d) 622 (1949); *Dunlap v. Travelers Insurance Co.*, 223 S. C. 150, 74 S. E. (2d) 828 (1953). The rule applies even though the subsequent action may technically involve a different cause of action. *Dunlap v. Travelers Insurance Co., supra.*

The prior action adjudged Life of Virginia liable under the terms of the policy to continue monthly benefits of $500.00 a month so long as Sciarrone's disability lasts or until he reaches the age of 65 years. It is too late for the Company to dispute that liability. That judgment is now

conclusive as to all defenses Life of Virginia could have raised in the former action, including the one it attempts to assert here.

## II.

The circuit judge also found the Company's refusal to pay the full amount of Sciarrone's benefit to be without reasonable cause and in bad faith. In his words, "It should never have been done in view of the well established law and in view of the lack of any dispute about the facts." On this basis he awarded Sciarrone a $500.00 attorney's fee pursuant to § 38-9-320, Code of Laws of South Carolina, 1976. The Company claims reversible error.

We emphatically agree with the circuit judge's ruling. The Company's defense was patently unreasonable in this case. Moreover, the defense was raised in a manner calculated to mislead the court and increase Sciarrone's burden of litigation. In its *verified* answer Life of Virginia denied it knew in 1976 that Sciarrone was receiving social security benefits. It further alleged, ". . . in or around February, 1980, it learned, for the first time, that the Plaintiff was receiving disability benefits from the Social Security Administration. . . ." In response to Sciarrone's request for admissions the Company initially denied receiving the claim forms on which Sciarrone indicated he would be receiving social security. Later it amended its response, but then contended the forms had been sent to its life insurance claim division, not its disability insurance division.[1] Regardless of which division received the form, the Company clearly had notice of Sciarrone's social security benefits well before the first lawsuit was commenced. Its verified denial of this fact amounted to a false declaration under oath. On the facts before him, the circuit judge was plainly justified in awarding attorney's fees under § 38-9-320 of the Code.

Double costs are awarded to the respondent.

---

[1] It appears that the form sent on September 12, 1975, was received by the disability insurance division. The Company offered no explanation why the later forms would not also have been received by the disability insurance division.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.