22475

Leslie SEALY and Diane Sealy, Appellants v. Terry L. DODGE, M.D.; George E. Newsome, M.D.; American Medical International, Inc., d/b/a York General Hospital; and Morris Maple, Respondents. Chadwick Allen SEALY, a Minor Under the Age of Fourteen (14) Years, Through His Guardian Ad Litem, Francis Diane SEALY, Appellant v. Terry L. DODGE, M.D.; George E. Newsome, M.D.; American Medical International, Inc., d/b/a York General Hospital; and Morris Maple, Respondents.

(347 S. E. (2d) 504)

Supreme Court

*Brian S. Wade*, of *Gaines, Wade & Turner, P.A.*, Columbia, *for appellants.*

*Weldon R. Johnson*, of *Barnes, Alford, Stork & Johnson*, Columbia, *for respondent George E. Newsome, M.D.*

*George C. Beighley*, of *Richardson, Plowden, Grier & Howser*, Columbia, *for respondent Terry L. Dodge, M.D.*

*Robert R. Carpenter* and *Beverly A. Carroll*, both of *Roddey, Carpenter & White, P.A.*, Rock Hill, *for respondents Morris Maple and American Medical Intern., Inc.*

Submitted Dec. 11, 1985.

Decided Feb. 21, 1986.

*Per Curiam:*

This appeal is from an order granting summary judgment to respondents in two actions against them arising from the medical treatment of appellants' minor child. We reverse.

In 1982 appellants Leslie and Francis Diane Sealy attempted to commence medical malpractice actions against respondents on behalf of their minor child for negligence in removing the child's tonsils. The trial judge sustained respondents' demurrers to the actions on the grounds that the minor child lacked legal capacity to sue without a duly appointed guardian ad litem and several causes of action were improperly joined. The trial judge allowed appellants leave to replead within twenty days. Appellants failed to timely amend their complaints and the actions were dismissed.

In 1984 appellants commenced the two present actions against respondents, one through a duly appointed guardian ad litem and one on their own behalf, alleging the same causes of action for medical malpractice. Respondents moved for summary judgment on the ground the dismissal of appellants' prior complaints barred these subsequent actions. The trial judge granted respondents summary judgment on the theory of res judicata. We disagree.

Appellants' failure to timely amend their original complaints or appeal the sustaining of respondents' demurrers properly resulted in dismissal. *Brown v. Easterling*, 59 S. C. 472, 38 S. E. 118 (1901). Dismissal, however, does not bar a subsequent action brought before expiration of the statute of limitations if the dismissal is based merely on the insufficiency of the complaint. *See Hennegan v. Atlantic Coast Line R. Co.*, 211 S. C. 357, 45 S. E. (2d) 331 (1947) [plaintiff can commence subsequent action after dismissal for failure to state a cause of action]; *cf. Owens v. Atlantic Coast Lumber Corp.*, 108 S. C. 258, 95 S. E.

15 (1917) [dismissal is proper and will bar another action if the complaint affirmatively shows that the plaintiff is not entitled to relief].

Application of the doctrine or res judicata to this case ■■ ■ renders the same result. In order to establish a plea of res judicata, three elements must be established: (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the former suit. *Lowe v. Clayton,* 264 S. C. 75, 212 S. E. (2d) 582 (1975). The third element is not established here. In this case, the only issues decided on demurrer were the minor child's legal incapacity to sue and the improper joinder of causes of action. Res judicata, therefore, does not apply to bar the subsequent suits on the merits.

Accordingly, the granting of summary judgment is reversed.

Reversed and remanded.