496 S.E.2d 858

**RENAISSANCE ENTERPRISES, INC., a South
Carolina Corporation, Respondent,**

v.

**OCEAN RESORTS, INC., a South Carolina Corporation, Ocean
Creek Resort, Inc., a South Carolina Corporation, and Ocean
Resorts Rental Management Company, a South Carolina Corporation, Petitioners.**

**No. 24766.**

Supreme Court of South Carolina.

Heard Nov. 19, 1997.
Decided Feb. 23, 1998.

Craig A. Snook, Myrtle Beach, for petitioners.

Dirk J. Derrick, Conway, for respondent.

BURNETT, Justice:

This Court granted certiorari to review the Court of Appeals' opinion in *Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.*, Op. No. 96–UP–169 (S.C.Ct.App. filed June 5, 1996) (*Renaissance II* ).

## FACTS

Respondent (Enterprises) seeks to recover damages from petitioners (Resorts) based upon a breach of contract.[1] In 1984, Enterprises and Resorts executed a contract that provided Resorts would pay Enterprises a referral fee for any guest referred to Resorts by Enterprises. The parties then amended the contract to address future fees:

[Resorts] will pay [Enterprises] the fee and/or fees outlined [above] should a guest or group of guests repeat and/or rebook with [Resorts] directly or indirectly by [Enterprises] or [Resorts]. These fees will be paid by [Resorts] to [Enterprises] on a perpetual basis as long as the guest or group of guests continue to utilize properties and facilities managed by [Resorts].

The amendment also contained a new contractual provision stating Enterprises would represent Resorts as its exclusive agent for military contract quarters at the Myrtle Beach Air Force Base and other military installations. Both the contract

---

1. Enterprises is a corporation conducting business as a travel agent and broker. Resorts is a corporation conducting business as a rental management company owning and managing facilities in the Myrtle Beach area.

and amendment were subject to arbitration should a dispute arise.

In January 1989, Enterprises filed a complaint alleging Resorts had breached the contract by failing to pay commissions for referral fees from 1985 to the date of the complaint and by violating the military contract quarters provision. Pursuant to the contract provision, the case was submitted to arbitration.

In its arbitration demand, Enterprises sought damages for both commissions due for referral fees and for loss of profits on the military quarters provision. Specifically, it alleged it was due approximately $100,000 in commissions and $748,682 for lost profits for the period in question. In response, Resorts denied it had violated the contract and alleged as one of its affirmative defenses that the contract had been terminated prior to the period of time for which Enterprises was seeking commissions and loss of military profits. As a counterclaim, Resorts sought to rescind the contract and obtain restitution for all amounts previously paid to Enterprises.

After a hearing, the arbitrators awarded Enterprises $51,-770.40 in actual damages, plus interest and attorney's fees. Resorts' counterclaim was denied. The award does not mention Resorts' affirmative defenses. The award states "[t]his award is in full settlement of all claims and counterclaims submitted to this arbitration." Resorts did not challenge the award or ask the arbitrators to clarify the award.[2] Enterprises moved to vacate or modify the award arguing the arbitrators failed to consider its right to lost profits under the military quarters provision. Enterprises did not challenge the award of $51,770.40 in actual damages, despite the fact that this amount was slightly more than half of the approximately $100,000 Enterprises had claimed it was due in commissions.

On appeal, Enterprises argued the arbitrators failed to consider the issue of military quarters profits. The Court of Appeals affirmed the decision of the circuit court stating, in part:

The arbitrators merely awarded a sum without discussion of how they arrived at that sum. They noted that the counter-

---

2. S.C.Code Ann. § 15–48–100 (Supp.1996).

claim of Resorts was denied, *but made no indication on the validity of Resorts' general denial or affirmative defenses.* Quite logically, the award can be interpreted as taking into consideration both of [Enterprises]'s allegations of breach of contract and· Resorts' defenses to the alleged breaches. The arbitrators may well have found [Enterprises] proved the nonpayment of commissions but failed in its proof on the military quarters provision. Further, they may have found Resorts' affirmative defenses on that issue to be valid. This theory is buttressed by the specific notation in the award that it was "in full settlement of *all* claims and counterclaims submitted." (emphasis added).

*Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.,* 310 S.C. 395, 399, 426 S.E.2d 821, 823 (Ct.App.1992) (*Renaissance I* ).

In July 1994, Enterprises filed the present action alleging the continuing existence of the contract with Resorts. Enterprises acknowledged it had received a judgment against Resorts for all commissions owed from 1984 through January 30, 1989, as a result of the arbitration award. However, Enterprises claimed because the contract was still in effect, it was entitled to commissions due from referrals which had accrued under the future fees provision since the arbitration award.

In its answer, Resorts alleged the present action was barred by res judicata and arbitration and award because the prior arbitration proceeding concluded the contract between the parties had been terminated. Subsequently, Resorts moved for summary judgment on these grounds. The parties agreed to submit this issue to arbitration in the event the trial court denied Resorts' motion for summary judgment.

The trial judge concluded the facts in this action were not in dispute and determined the only issue before the court for resolution was whether Enterprises' contract with Resorts was terminated prior to the time period for which Enterprises is now seeking compensation.[3] After concluding the prior

---

**3.** Res judicata can only apply to those matters included within the submission agreement. 4 Am.Jur.2d *Alternative Dispute Resolution* § 214 (1995) (arbitrator is limited to decide only those questions submitted by the parties and res judicata may bar only issues submitted). The issue of Enterprises' right to future fees was not submitted for arbitration in the prior proceeding. Therefore, Enterprises is not precluded from raising this issue once it becomes entitled to the fees

arbitration adjudicated the contract had been terminated, the trial judge granted Resorts' motion for summary judgment.

In reaching this conclusion, the trial judge noted the arbitrators' award stated it was "in full settlement of all claims." The trial judge concluded the only defense raised in Resorts' response capable of producing such a result was that the contract had been terminated after Enterprises became entitled to a portion of the commissions, but before Enterprises became entitled to all the commissions that it claimed it was owed.

The Court of Appeals reversed the grant of summary judgment. Although the Court of Appeals agreed the facts in the case were largely undisputed, it found summary judgment was inappropriate and that further inquiry into the facts and circumstances surrounding the arbitration award was necessary to clarify the application of the law. *Renaissance II, supra.*

In support of its findings, the Court of Appeals noted in *Renaissance I,* it had indicated the precise basis for the arbitration award was unknown and could have been premised upon a number of different scenarios. Consequently, it disagreed with the trial judge's finding the only logical interpretation of the arbitrators' award was that the contract had been terminated after Enterprises "became entitled to a *portion* of the lodging, food and beverage commissions it demanded," but before Enterprises "became entitled to *all* lodging, food, and beverages damages it sought." (emphasis added). Instead, the Court of Appeals concluded it was just as likely the arbitrators found Enterprises had proved its entitlement to only a portion of the commissions it had claimed it was due, and was unable to show any entitlement to profits under the military provision of the contract. It found this conclusion was supported by *Renaissance I,* as well as the fact that Enterprises alleged in its 1994 complaint that the contract between the parties was still in effect and only sought pay-

---

unless the arbitrators determined in the prior proceeding the contract was terminated. *See Dunlap v. Travelers Insurance Co.,* 223 S.C. 150, 74 S.E.2d 828 (1953) (res judicata does not apply to subsequent litigation between the same parties when the cause of action dealt with breaches of the same contract which occurred after the initiation of the prior litigation).

ment of commissions accrued under the contract from the date of the arbitration award. Further, while the Court of Appeals acknowledged Resorts had, in the 1989 action, set out in its response the affirmative defense that the "contract between the parties was terminated prior to the time for which [Enterprises] is seeking compensation," it found it can be reasonably inferred that the arbitrators rejected this defense because damages were awarded.

In conclusion, the Court of Appeals stated the prior arbitration proceeding was not res judicata as to the commissions claimed in the current proceeding because it was not clear the arbitrators had ever determined Enterprises' entitlement to such commissions. *See Dunlap v. Travelers Ins. Co.,* 223 S.C. 150, 74 S.E.2d 828 (1953) (res judicata does not apply to subsequent litigation between the same parties when the cause of action dealt with breaches of the same contract which occurred after the initiation of the prior litigation); *see also* 4 Am.Jur.2d *Alternative Dispute Resolutions* § 214 (1995) (there is also authority that res judicata applies only to matters which were actually decided in arbitration, not those which could have been asserted, since an arbitrator is limited to deciding only those questions submitted by the parties).

Accordingly, the Court of Appeals reversed the trial judge's grant of summary judgment and remanded the matter to the lower court for further proceedings consistent with its opinion.

## ISSUE

Did the Court of Appeals err in finding this action is not barred by res judicata because the prior arbitration proceeding did not conclude the contract between the two parties was terminated?

## DISCUSSION

█] Resorts argue the Court of Appeals reached the wrong conclusion in interpreting the meaning of the arbitration award. Resorts contend the correct interpretation of the arbitration award would result in finding the contract was terminated by the prior arbitration because this result is the only logical interpretation which promotes an end to litigation.

█ In order to establish a plea of res judicata, three elements must be established: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. *Sealy v. Dodge*, 289 S.C. 543, 347 S.E.2d 504 (1986).

The issue presented is not preserved for review. The arbitration award does not address Resorts' affirmative defense that the contract was terminated nor is such a conclusion inferable from the arbitration decision. Therefore, we are unable to determine if the arbitrators actually decided this issue. All that can be gleaned from the award is the arbitrators found Resorts breached the contract and it owed Enterprises damages for the breach.[4]

█ If a party submits an issue for arbitration and the arbitrators fail to clearly rule on the issue in the award, the party must request the arbitrators address the issue pursuant to S.C.Code Ann. § 15–48–100 (Supp.1996). If a party fails to do so, the issue will not be preserved for further review and a

---

4. The only evidence which would be helpful in resolving this issue would be the testimony of the arbitrators explaining the meaning of the award. However, such testimony would be improper. *See Wall Street Associates, L.P. v. Becker Paribas, Inc.*, 27 F.3d 845 (2d Cir.1994) (arbitrators are not required to provide rationale for their award and courts generally will not look beyond the award in an attempt to analyze the reasoning process of the arbitrators); *see also Local P-9, United Food and Commercial Workers Intern. Union, AFL–CIO v. George A. Hormel & Co.*, 776 F.2d 1393 (8th Cir.1985) (it is generally improper for arbitrators to interpret, impeach, or explain a final and binding award); *Sperry Intern. Trade, Inc. v. Government of Israel*, 602 F.Supp. 1440 (S.D.N.Y.1985) (arbitrator may not testify as to meaning or construction of his written award; any other view would make arbitration not the end, but only one step in the process of litigation). Rueben I. Friedman, Annotation, *Admissibility of Affidavit or Testimony of Arbitrator to Impeach or Explain Award* 80 A.L.R.3d 155 (1977) (the award is the best evidence of its meaning and the construction of its provisions is a matter for the courts; therefore, testimony of the arbitrator is inadmissible for the purpose of explaining the meaning or construing the provisions of an award). This Court does not require the arbitrators to specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are "barely colorable." *See Pittman Mortgage Co. v. Edwards*, 327 S.C. 72, 488 S.E.2d 335 (1997); *Batten v. Howell*, 300 S.C. 545, 389 S.E.2d 170 (Ct.App.1990). Therefore, it would be inconsistent to require the arbitrators to explain their award after it has been confirmed but not to require any explanation in the award.

claim of res judicata on that issue will fail. This requirement is similar to our previous holdings that an issue not ruled on by the trial judge is not preserved for appellate review unless the issue is raised in a post-trial motion. *Rickborn v. Liberty Life Ins. Co.*, 321 S.C. 291, 468 S.E.2d 292 (1996). Like other civil proceedings, the arbitrators must rule on the issue in order to preserve it for further review.

Because Resorts did not request the arbitrators clarify their award, the issue of whether the prior arbitration award found the contract between the parties to be terminated is not preserved for review and we do not infer the prior arbitration proceeding barred this present action.

We vacate the Court of Appeals' opinion and remand this matter to the circuit court for further proceedings in accordance with the contract between the parties.

**VACATED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.