12238

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Matter of the Care and Treatment of Andrew L. Williams,       
Appellant.
 
 
 

Appeal From Richland County
Thomas W. Cooper, Circuit Court Judge

Unpublished Opinion No. 2004-UP-330
Submitted May 12, 2004  Filed May 17, 
 2004

AFFIRMED

 
 
 
Andrew Johnson, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Deputy Attorney General Treva Ashworth, Assistant 
 Attorney General Deborah R. J. Shupe and Assistant Attorney General R. Westmoreland 
 Clarkson, all of Columbia, for Respondent.
 
 
 

 PER CURIAM:  On January 14, 2003, 
 a Richland County jury found the State had proven beyond a reasonable doubt 
 that Andrew L. Williams was a sexually violent predator as that term is defined 
 in the Sexually Violent Predator Act (the Act). [1]   Williams appeals, arguing the 
 trial court erred in not finding the case barred by res judicata.  We affirm.    

FACTS
Williams has a history of committing sexually 
 violent offenses.  For instance, in 1995, the State filed a petition against 
 him for criminal sexual conduct with a minor. 
 [2]   Following a hearing, the court found Williams guilty on a lesser charge 
 of assault and battery of a high and aggravated nature and sentenced him to 
 an indeterminate period in the South Carolina Department of Juvenile Justice.
While Williams was incarcerated at the 
 Department of Juvenile Justice, the State charged him with three acts of criminal 
 sexual conduct in the first degree. 
 [3]   Williams pled guilty to one count of criminal sexual conduct in the 
 first degree in exchange for the State dismissing the remaining charges.  Again, 
 the court committed Williams to the Department of Juvenile Justice for an indeterminate 
 period not to exceed his twenty-first birthday.  Williams remained at the Department 
 of Juvenile Justice until he reached the age of seventeen, at which time, he 
 was transferred to the Department of Corrections.
Williams attended sex offender treatment 
 during the time he was incarcerated at the Department of Corrections.  However, 
 the Department terminated him from the program for behavior problems, including 
 touching and striking a female employee.  Williams also committed other behavioral 
 offenses such as when he was given a sexual misconduct charge for masturbating 
 in front of a female officer.  
Despite these problems, Williams was paroled in 
 July 2000.  Two of the conditions of his parole were that he attend sex offender 
 treatment and stay away from drugs.  On September 6, 2000, the State filed a 
 petition pursuant to the Act to have Williams confined to a secure facility 
 for long term control, care, and treatment.  In an order dated September 28, 
 2000, Judge James R. Barber found there was probable cause to believe Williams 
 met the criteria of a sexually violent predator and ordered his detention pending 
 a probable cause hearing.
On April 9, 2001, following the probable cause 
 hearing pursuant to section 44-48-80 of the Act, Judge Alison R. Lee found the 
 State had failed to demonstrate that probable cause exist[ed] to find that 
 [Williams] is a sexually violent predator.  Subsequent to Judge Lees probable 
 cause determination, Williams attended a parole hearing for failing to attend 
 the required sex offender treatment.  In August 2001, at a subsequent parole 
 hearing, Williams tested positive for marijuana and still had not completed 
 sex offender treatment.  Finally, in November 2001, Williams parole was revoked 
 for failing to comply with his parole conditions.
On May 24, 2002, relying in part on events 
 occurring after Judge Lees probable cause determination, the State filed its 
 second petition to have Williams confined in a secure facility.  One of the 
 bases for this petition was Williams failure to attend the sex offender aftercare 
 treatment.  In an order dated June 14, 2002, and again on July 10, 2002, Judge 
 G. Thomas Cooper, Jr. found that probable cause existed to believe Williams 
 was a sexually violent predator as defined in the Act.  Thereafter, the matter 
 came to trial before Judge Thomas W. Cooper.  
Prior to the start of trial, the court heard Williams 
 summary judgment motion.  Williams argued the case was barred by the doctrine 
 of res judicata, relying on the April 9, 2001, probable cause determination.
The trial court denied Williams motion for summary 
 judgment holding that because the prior probable cause hearing was not on the 
 merits, the doctrine of res judicata did not apply.  Following this ruling, 
 the case proceeded to a jury trial, after which Williams was found to be a sexually 
 violent predator under the Act.  Pursuant to this jury finding, the trial court 
 committed Williams to the Department of Mental Health for long term treatment.  

ISSUE

Did the trial court err in holding that a determination of 
 a lack of probable cause in a prior action arising under the Act does not amount 
 to a judgment on the merits?

DISCUSSION
Williams sole argument 
 on appeal is that the trial court erred in not finding the second petition and 
 following action barred by the doctrine of res judicata. 
Under the doctrine of 
 res judicata, a final judgment on the merits in a prior action will act 
 to bar the parties and those in privity with them from initiating a second action 
 based on the same claim, to the extent the second claim relates to issues actually 
 litigated in the first action, or to issues which might have been litigated 
 in the first action.  Prince v. City of Georgetown, 297 S.C. 185, 189, 
 375 S.E.2d 335, 337 (Ct. App. 1988).  To establish res judicata, the defendant 
 must prove three elements: (1) identity of the parties; (2) identity of the 
 subject matter; and (3) adjudication of the issue in the former suit.  Nelson 
 v. QHG of South Carolina, Inc., 354 S.C. 290, 304, 580 S.E.2d 171, 178 (Ct. 
 App. 2003) (citing Sealy v. Dodge, 289 S.C. 543, 347 S.E.2d 504 (1986) 
 (further citations omitted)).
Appellant argues the 
 prior probable cause hearing amounted to an adjudication on the merits as to 
 whether probable cause existed to believe Williams was a sexually violent predator.  
 Accordingly, Williams argues the second hearing should have been barred by res 
 judicata.  We disagree and find the trial court correctly held the action was 
 not barred.
Significantly, Appellant 
 cites no cases or other authority to support his contention that a probable 
 cause hearing amounts to a decision on the merits and we are not aware of any.  
 As such, we conclude a preliminary hearing for the purpose of determining probable 
 cause under section 44-48-80 of the South Carolina Code is not the equivalent 
 of an adjudication on the merits.  The very purpose of the probable cause hearing 
 under this section is to determine whether probable cause exists to believe 
 that the person is a sexually violent predator.  S.C. Code Ann. § 44-48-80(B)(3) 
 (2002).  Moreover, section 44-48-90 provides that within sixty days of the hearing, 
 the court shall conduct a trial to determine whether the person is a sexually 
 violent predator.  S.C. Code Ann. § 44-48-90 (2002).  Therefore, according 
 to the plain language of the Act, a probable cause hearing is by definition 
 not a hearing on the merits.  The purpose of the probable cause hearing is to 
 determine if sufficient evidence exists to bind the matter over for trial on 
 the merits, i.e., to adjudicate whether the person is indeed a sexually violent 
 predator under the Act. 
Williams argument further 
 fails to acknowledge that the present action includes additional facts concerning 
 his parole violations that occurred after the initial probable cause 
 determination.
CONCLUSION
We find the trial court correctly 
 held that this action was not barred by the doctrine of res judicata.  The decision 
 of the trial court is
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, 
 JJ.,  concur.

 
 
 [1]        S.C. Code Ann. §§ 44-48-10  170 (2002 & Supp. 2003).

 
 
 [2]        The minors Williams was charged with assaulting were two eight-year-old 
 boys, both of whom were close relatives.

 
 
 [3]        Williams was accused of sexually assaulting a male roommate.