THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Newberry Electric Cooperative, Inc., Respondent,
 
 
 

v.

 
 
 
 City of Newberry, Appellant.
 
 
 

Appeal From Newberry County
James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-585
Heard September 9, 2005  Filed November 16, 2005    

AFFIRMED

 
 
 
 Eugene C. Griffith, Jr., Rushing & Griffith, P.C., of Newberry, Robert T. Bockman, McNair Law Firm, PA, of Columbia, for Appellant.
 C. Pinckney Roberts, Pinckney Roberts, Attorney & Counselor at Law, of Columbia, Thomas H. Pope, III, Pope and Hudgens, P.A., of Newberry, for Respondent.
 James M. Brailsford, III, of Edisto Island, 7805 Russell Creek Dr., for Amicus Curiae. 
 
 
 

PER CURIAM:  Newberry Electric Cooperative, Inc., (the Cooperative) brought an action pursuant to section 58-27-1360 of the South Carolina Code (Supp. 2004), seeking to require the City of Newberry (the City) to purchase certain electric facilities in an area newly annexed by the City.  After an arbitration panel determined the fair value of the facilities, the City brought a declaratory judgment action in circuit court seeking a declaration of its legal rights and obligations under section 58-27-1360 as applied to the arbitration decision.  The City now appeals the circuit courts dismissal of its action and denial of its petition for declaratory judgment.  We affirm.
FACTS

In March 2003, the Cooperative served the City with its Notice of Exercise of Right to Compel Purchase of Facilities and Property and Payment of Just Compensation and Notice to Appoint Representative.  The Cooperative served the notice to invoke its rights under section 58-27-1360 to receive just compensation from the city for certain facilities owned by the Cooperative and within an area annexed by the City.  The notice identified five project areas for which the Cooperative sought compensation and set forth an amount of approximately $6 million for compensation.  
The City filed a Return to Notice.  It responded with its own figure for just compensation of approximately $113,000.  The two sides were unable to reach a settlement regarding the amount of just compensation for the affected facilities.
The Cooperative and the City jointly moved the circuit court for an order of arbitration with certain procedures and conditions agreed upon by the parties.  The arbitration panel would consist of three individuals and would determine the amount of just compensation owed to the Cooperative by the City.  The order provided in part:

 (e)     the decision of the Arbitration Panel shall be determined by the vote of at least two of the arbiters, and the written decision of the Panel shall consist only of the following:
 Just compensation to Newberry Electric Cooperative, Inc. (including reasonable expenses, engineers and attorneys fees per S.C. Code § 58-27-1260) is determined to be $_________.  (Emphasis added).  

The above amount was the only determination to be made by the arbitration panel pursuant to the consent order of the parties.  The provision did not require any explanation of the amount or how it was derived.  The parties each provided the arbitration panel with documentary exhibits and oral argument.  
The panel allowed the parties to submit proposed decisions and awards.  The Citys proposal allowed for just compensation of $282,989.  The proposal also set forth specific findings regarding the facilities, the reintegration of the Cooperatives facilities, and the impact on the customers served by the affected facilities.  The Cooperative also submitted a detailed proposal including findings regarding the facilities and customers.  The Cooperative suggested a just compensation award of $6,243,299.69.  
In September 2003, the panel returned a decision and award in the format provided by the order and listed the amount of just compensation as $3,853,639.14.  The panel did not provide any explanation as to how the figure was derived or what the Cooperative was required to expend on reintegration of the facilities.  The panel did exactly as asked by the parties and only calculated a figure for just compensation.  Neither the City nor the Cooperative asked the panel to clarify the award or filed an appeal from this award.  Furthermore, neither party asked the circuit court to vacate or modify the award pursuant to the Uniform Arbitration Act, sections 15-48-10 through 15-48-240 of the South Carolina Code (2005).
Instead, the City brought this declaratory judgment action, seeking a declaration of its rights and obligations under section 58-27-1360 by the circuit court.  In the alternative, the City asked the circuit court to remand the issue to the arbitration panel for clarification, amendment or alteration of the Decision and Award sufficient to resolve the factual issues concerning facilities, properties, customers, loss of revenue and reintegration . . . .  The Cooperative moved to dismiss the action.
The circuit court issued an order denying the petition for declaratory judgment and dismissing the action.  The court found the award was in precisely the form of decision set forth in the consent order and the City had waived any right to object to the form and nature of the award.  It held the award was final and binding and not subject to collateral attack under the guise of a declaratory judgment action.  Finally, the court found the Cooperative brought the action for just compensation, specifically setting forth the facilities, properties, reintegration, and customers involved.  The court concluded the Arbitration Panel had at least a barely colorable factual and legal basis upon which to find that the Cooperatives plan was reasonable and that the just compensation due to the Cooperative was in the amount of $3,853,639.14.  The City filed a Motion to Alter or Amend Judgment, which the circuit court denied.  
LAW/ANALYSIS
The City argues the trial court erred in failing to remand the arbitration decision to the arbitration panel for clarification of the rights and obligations of the parties under its decision.  The City maintains section 58-27-1360 contains several specific factors to consider in reaching just compensation, and the trial court should have required a specific determination of the amount allocated to the various factors.  We disagree.
Section 58-27-1360 lists three components of the just compensation a city must pay a cooperative:  (a) the cost of the facilities being acquired; (b) the cost of reintegrating the system, and (c) an additional amount in recognition of lost revenue from consumers the cooperative loses in the transaction.   The statute does not require the arbitrators to make specific finding of fact for each component or delineate the amount it awarded for each factor.  See Taylor v. Atlantic Beach Election Commn, 363 S.C. 8, 15, 609 S.E.2d 500, 503 (2005) (finding circuit court did not err in refusing to remand matter to election commission for more definitive findings and rulings in a written order where election statute does not require a written order containing findings of fact or conclusions of law).  Furthermore, the consent order compelling arbitration did not require such findings.  Rather, it limited the arbitration panels written decision, providing:  the written decision of the Panel shall consist only of the following: Just compensation to Newberry Electric Cooperative, Inc. . . . is determined to be $_______.  (Emphasis added).  The arbitration panels decision was in this exact form, inserting the dollar amount for just compensation.  
Although the City now claims to be unsatisfied with the form of this ruling, it did not seek clarification of the award from the arbitration panel.  The Uniform Arbitration Act sets forth a procedure for a party to seek clarification of a ruling.  S.C.Code Ann. § 15-48-100 (2005).  Our supreme court held if a party submits an issue for arbitration and the arbitrators fail to clearly rule on the issue in the award, the party must request the arbitrators address the issue pursuant to section15-48-100.  Renaissance Enterprises, Inc. v. Ocean Resorts, Inc., 330 S.C. 13, 19, 496 S.E.2d 858, 861 (1998).  If a party fails to do so, the issue will not be preserved for further review.  Id.  at 19-20, 496 S.E.2d at 862.  Even if the Uniform Arbitration Act does not apply, the parties expressly adopted the South Carolina Rules of Civil Procedure to apply to the arbitration.  Thus, under Rule 59(e), SCRCP, the City may have asked for clarification of the order.  It is well established that an issue not ruled on by the trial judge is not preserved for appellate review unless the issue is raised in a post-trial motion.  Rickborn v. Liberty Life Ins. Co., 321 S.C. 291, 468 S.E.2d 292 (1996).  Like other civil proceedings, the arbitrators must rule on the issue in order to preserve it for further review.  Renaissance, 330 S.C. at 20, 496 S.E.2d at 862.  
The City, however, failed to avail itself of either procedure to seek clarification of the arbitration panels decision directly from the panel.  Rather, it filed this declaratory judgment action.  Pursuant to section 58-27-1360, the arbitration panels decision on just compensation, . . . is final and binding on the parties.  In its brief, the City stresses that it is not seeking judicial review of the arbitration panels decision. Rather, the City appears to be attempting to collaterally attack the decision of the arbitration panel by means of a declaratory judgment action.   Appellate courts have refused to allow collateral attacks under the guise of a declaratory judgment action upon the final judgment of a court of competent jurisdiction.  Charleston County Sch. Dist. v. S.C. State Ports Auth., 283 S.C. 48, 52320 S.E.2d 727, 730 (Ct. App. 1984) (citing Henry v. Cottingham, 253 S.C. 286, 170 S.E.2d 387 (1969); Jackson v. Cannon, 266 S.C. 198, 222 S.E.2d 494 (1976)).  We agree with the circuit court that the City waived the right to object to the form and nature of the award.  We find the City cannot now challenge the merits of the award by the arbitration panel.
As to the Citys desire to have the circuit court remand the decision to the panel for further explanation, we find the court properly denied the petition.  The decision of the panel fully complied with the mandate issued by the circuit court and was in the form agreed upon by the parties.  See Pittman Mortgage Co., Inc. v. Edwards, 327 S.C. 72, 76-77, 488 S.E.2d 335, 338 (1997) (A party may not attempt to relitigate the merits of the arbitrators resolution of the arbitrable issues under the guise of questioning the arbitrators power.).  The City neither asked the panel for further consideration of their decision nor for clarification of their decision.  As stated above, the determination of compensation in this condemnation case was properly made by the arbitration panel and not appropriately challenged.  Accordingly, any declaration of the rights and obligations by the circuit court would constitute an advisory opinion and is prohibited.  See Blue Ridge Elec. Coop. v. Combined Util. Sys. of City of Easley, 279 S.C. 135, 139-40, 303 S.E.2d 91, 94 (1983) (holding declaratory judgment action must involve an actual justiciable controversy and case should be dismissed where it seeks merely an advisory opinion.).  
CONCLUSION
We hold the arbitration decision is final and binding on the parties.  As the circuit court properly concluded, there is no reason to require further explanation from the panel regarding its award when the panel rendered the decision requested by both parties.  Accordingly, the decision of the circuit court dismissing the declaratory judgment action is
AFFIRMED.
ANDERSON, HUFF, and WILLIAMS, JJ., concur.